IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE IVAN LOPEZ, et al., | : | Honorable Christopher C. Connor |
| | : | Honorable MJ Karoline Mehalchick |
| Plaintiff | : | |
| | : | |
| v. | : | No. 3:21-CV-1819 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

BRIEF IN SUPPORT OF THE DEFENDANTS' MOTION TO STAY DISCOVERY

Relevant Procedural History

Plaintiffs are George Lopez, Darien Houser, Gerald Watkins, Jose Uderra, Ralph Stokes, and Richard Poplawski, death-sentenced prisoners presently incarcerated by the Commonwealth of Pennsylvania, Department of Corrections ("the Department"), at the State Correctional Institution at Phoenix ("SCI-Phoenix"). On October 26, 2021, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Eighth and Fourteenth Amendments, as well as the Americans with Disabilities Act ("ADA"). See Doc. 1. As Defendants the Plaintiffs have named Former-Secretaries of Corrections John Wetzel, Jeffery Beard, and Martin Horn and the Pennsylvania Department of Corrections. Id.

On or about February 15, 2022, the counsel on record, Chase Defelice received requests for the production of documents from the Plaintiffs. In response,

Defendants filed a Motion to Stay Discovery with supporting brief on February 24, 2022. See. Doc. 34 and 35. Defendants' Motion was granted on March 11, 2022.

Defendants filed a Motion to Dismiss, with supporting brief, on February 18, 2022. See Doc. 32 and 33. On March 8, 2022, Plaintiffs filed a Brief in Opposition to Defendants' Motion to Dismiss. See. Doc. 38.

On August 3, 2022, Magisterial Judge Mehalchick issued a Report and Recommendation, denying Defendants' Motion to Dismiss. See. Doc. 53. On the same date, Magisterial Judge issued an Order lifting the stay on discovery. See. Doc. 52. Subsequent to this Order, three of the Plaintiffs, Ralph Stokes, George Lopez, and, Gerald Watkins filed Informal Requests for Production of Documents. See. Doc. 54, 55 and 56.

On August 17, 2022, Defendants filed Objections to the Report and Recommendations.

Statement of Alleged Facts

Plaintiffs contend they suffer from a variety of medical and mental health disorders. See Doc. 1, ¶ 90-144. Plaintiffs further they were held in solitary confinement under harsh conditions that include a small cell, constant illumination, lack of social interaction, lack of visitation, lack of educational services, lack of organized recreational activities, etc. See Doc. 1 at ¶¶22-64. Plaintiffs each aver that as a result of their medical and mental disorders in combination with the harsh conditions caused them to experience significant

physical pain and exasperated medical and mental issues. Id. Plaintiffs contend that the harsh conditions endured in solitary confinement lasted until December 3, 2019, when the Department implemented a new policy that repositioned the environment of the CCU ("Capital Case Unit"). Id at ¶ 65.

Plaintiffs make three discrete claims based upon their long-term confinement in the "CCU". First, Plaintiffs allege that their prolonged solitary confinement violated the Eighth Amendment prohibition against cruel and unusual punishment. Id. at ¶¶ 167-181. Second, Plaintiffs contend that their prolonged solitary confinement violated the Fourteenth Amendment. Id. at ¶¶ 182-191. Finally, Plaintiffs contend their prolonged solitary confinement violated the American with Disabilities Act ("ADA") and the Rehabilitation Act. Id. at ¶¶ 192-209.

## Statement of the Question Presented[1]

1. Should this Court stay discovery in the instant matter until a ruling on the Objections to the Report and Recommendations, and any subsequent appeals are issued?

## Standard of Review

District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter…, "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of

---

[1] It is respectfully requested that the question presented be answered in the affirmative.

discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

The district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed

4

legal defenses are addressed by the Court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

## Argument

1. Should this Court stay discovery in the instant matter until a ruling on the Objections to the Report and Recommendations, and any subsequent appeals are issued?

Requesting discovery at this juncture in the litigation process is premature, as the pleadings are not closed, and the Defendants have filed Objections to the Report and Recommendations. Staying discovery in these individual matters until a ruling on the Objections is prudent, since the outcome of the Objections could materially alter the landscape of the claims involved and would promote preservation of public resources by not forcing Defendants to engage in discovery if the Objections are sustained. Additionally, if the Objections are overruled, Defendants intend to file an Appeal to the Third Circuit Court of Appeals.

Though Plaintiffs will likely oppose such a measure, there is no credible argument that Plaintiffs would be prejudiced in any way. After a ruling on the Objections, and any subsequent appeals, the parties will engage in discovery in this case.

## Conclusion

The Defendants therefore respectfully request that this Honorable Court grant their motion to stay discovery until a ruling on the Objections to the Report and Recommendations, and any subsequent appeals are issued.

Respectfully submitted,

Office of General Counsel

*Kim Adams*

Kim Adams, Assistant Counsel
Attorney ID No.: 205848
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: kimbadams@pa.gov

Date: August 19, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE IVAN LOPEZ, et al., | : | Honorable Christopher C. Connor |
| | : | Honorable MJ Karoline Mehalchick |
| Plaintiff | : | |
| | : | |
| v. | : | No. 3:21-CV-1819 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

CERTIFICATE OF SERVICE

I hereby certify that the foregoing filing was served upon George Lopez (CZ3198), Darien Houser (GC7509), Gerald Watkins (DD5212), Jose Uderra (CC3832), Ralph Stokes (AY9034) and Richard Poplawski (KB7354) at Smart Communications/PA DOC, SCI Phoenix, PO Box 33028, St. Petersburg, FL 33733.

    /s/ Linda Fantom
Linda Fantom
Legal Office Administrator I
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7763

Dated:  August 19, 2022