IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **George Ivan Lopez** *et al.*, Plaintiffs, v. **John E. Wetzel** *et al.*, Defendants. | ✧ ✧ ✧ ✧ ✧ | Hon. Christopher C. Conner, J. Hon. Karoline Mehalchick, C.M.J. No. 21-CV-1819 § 1983 Civil Rights |

## Joint Motion
### for Appointment of Counsel & Class Certification

*RECEIVED AUG 25 2022*

On October 26, 2021, we six plaintiffs initiated this civil-rights action, jointly and on behalf of a class of similarly situated persons: others who, like us, were held in solitary confinement—absent justification—until their minds and bodies were damaged in profound (and easily predictable) ways. In our complaint, we advanced class action allegations, seeking certification under Fed.R.Civ.P. 23(b)(3) or (b)(1). Doc. 1 at ¶ 145-166. Those paragraphs are incorporated here.

Then we waited. We knew that, when a court considers class certification, there's a threshold inquiry into the *merits* of the action. Since we anticipated that the defendants would assert qualified immunity, we submitted our brief in opposition then waited for this Court's disposition. Otherwise, we thought, this motion would have been premature.

Then, on August 3, 2022, the Hon. Chief U.S. Magistrate Judge Karoline Mehalchick recommended that the defendants' motion be denied. Her Honor found that qualified immunity would not shield the defendants because the plaintiffs' "access to adequate mental health treatment was clearly established," and the plaintiffs' "liberty

interests and rights to procedural due process . . . were clearly established." R & R at 15, 20. Over two full weeks since the filing of that report, the defendants have not filed an objection (to our knowledge).

So we plaintiffs are now standing inside the threshold (and the rest of the class is waiting right outside the door). We hereby solemnly move this Honorable Court for the professional assistance that we require in order to help make us—all of us—whole again. We pray that this Court will find us six plaintiffs to be worthy, or at least adequate, representatives. In the process, we submit, the broader interests of Justice will be well served (as will the ever-important economy of the judiciary) by certification.

Even the most intrepid pro se adverturer needs to abide his limits. At this point, we stop and recognize that "[c]ertification of a class is perhaps the most pivotal moment in the life of a class action." *Mielo v. Stake 'n' Shake Operations, Inc.*, 897 F.3d 467, 490 n. 22 (3d Cir. 2018). That is, the steps we're now taking in this territory could affect the rights of a much larger group. So we tread carefully and conscientiously.

Since pro se litigants cannot lawfully represent a class in this circuit, *Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009), we worry about our legal qualification to properly brief this motion for class certification.

**WHEREFORE**, we respectfully move this Court to APPOINT class counsel, and direct them to file a brief in support of class certification. Alternatively, even if this Court finds that certification is not appropriate at this stage, we ask for counsel to be appointed for us six plaintiffs jointly.

Submitted respectfully,

_____
George Lopez, #CZ3198

_____
Darien Houser, #GC7509

_____
Gerald Watkins, #DD5212

_____
Ralph Stokes, #AY9034

_____
Jose Uderra, #CC3832

_____
Richard Poplawski, #KB7354

All resident at:
State Correctional Institution Phoenix
1200 Mokychic Drive
Collegeville, PA 19426

Date:

Aug. 24, 2022

## Certificate of Service

I hereby certify that I have served a copy of the foregoing *Joint Motion for Appointment of Counsel and Class Certification* on counsel for the defendants, via first-class U.S. Mail (postage pre-paid), on the date indicated below:

> Kim Adams, Esq.
> PADOC Ofc. of General Counsel
> 1920 Technology Parkway
> Mechanicsburg, PA 17050

_____          _____
**Richard A. Poplawski**                               Date: Aug 24, 2022

