IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE IVAN LOPEZ**, *et al.*, | : | CIVIL ACTION NO. 3:21-CV-1819 |
| | : | |
| Plaintiffs | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOHN E. WETZEL**, *et al.*, | : | |
| | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 7th day of December, 2022, upon consideration of defendants' motion (Doc. 59) to stay discovery pending resolution of defendants' objections to the report and recommendation (Doc. 53) of Chief Magistrate Judge Karoline Mehalchick and any subsequent appeal thereof, as well as plaintiffs' construed motion (Doc. 84-1) to strike defendants' notice of supplemental authority related to their underlying motion to dismiss, and further upon consideration of the court's order partially adopting Judge Mehalchick's report and recommendation and according qualified immunity to defendants as to some but not all of plaintiffs' claims, (see Doc. 87), and it appearing defendants intend to file an interlocutory appeal on the issue of whether plaintiffs' constitutional claims are barred by qualified immunity, (see Doc. 59 ¶ 17), and the court noting that there is no categorical bar against permitting discovery when a denial of qualified immunity remains subject to appeal, but that the court "must weigh the risk of prejudice and competing burdens when deciding whether to stay discovery," Feibush v. Johnson, 280 F. Supp. 3d 663, 664-65 & n.1 (E.D. Pa. 2017) (citing, *inter alia*, Harlow

v. Fitzgerald, 457 U.S. 800, 817-18 (1982); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Crawford-El v. Britton, 523 U.S. 574, 593 n.14 (1998)), and is required to "exercise its discretion in a way that protects the substance of the qualified immunity defense . . . so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings," id. at 665 (quoting Crawford-El, 523 U.S. at 597), and the court further noting that plaintiffs also advance claims against defendants under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, that discovery in this matter would address the statutory and surviving constitutional claims in tandem, and that plaintiffs' statutory claims against the Pennsylvania Department of Corrections are unaffected by any appeal related to defendants' qualified immunity defense, and the court concluding that defendants have not demonstrated discovery would be prejudicial or unduly burdensome under the circumstances, and further concluding that plaintiffs' motion to strike is rendered moot by our order partially adopting Judge Mehalchick's report and recommendation, it is hereby ORDERED that:

1. Defendants' motion (Doc. 59) to stay discovery pending appeal is DENIED.

2. Plaintiffs' construed motion (Doc. 84-1) to strike defendants' notice (Doc. 82) of supplemental authority is DENIED as moot.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania