IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| George Ivan Lopez, <br> and all Named Plaintiffs, | * <br> * <br> * | Case No#:3:21-CV-1819 |
| Vs. | * <br> * <br> * | JUDGE.CHRISTOPHER C. CONNER <br> M.J. KARALINE MEHALCHICK. |
| Secretary, John Wetzel, DOC, <br> Secretary, Jeffrey Beard (Retired) <br> Secretary Martin F. Horn (Retiared) <br> Lisa Durand,Unit Manager <br> Co-Briscoe, <br> Co-Gossner, <br> Sgt. Valdez. <br> Valarie Strunk, Computer Tech. <br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | FILED <br> HARRISBURG, PA <br> DEC 0 9 2022 <br> PER_____SH_____ <br> DEPUTY CLERK |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR EMERGENCY PRELIMINARY INJUNCTION**

**Plaintif George Ivan Lopez, submits this memorandum of Law in support of his motion for a prelimenary Injunction.**

In determining a prliminary injunction should issue, a court must consider whether the party seeking the injunction has demonstrated that: **(1)** it has a reasonable likelihood of success on the merits of the underlying claim; **(2)** no adequate remedy at law exist; **(3)** it will suffer irreparable harm if the preliminary injunction is denied; **(4)** the irreparable harm the party will suffer without the injunction relief is granter than the harm the opposing party will suffer if the preliminary injunction is granted; and **(5)** the preliminary injunction will not harm the public interest. See Ty Inc. V. Jones Group,

Inc., 237 F. F.d 891, 895 (7th Cir. 2002); Platinum Home Mortgage Corp. V. Platinum Fin. Group, Inc., 149 F.3d 277, 726 (7th Cir. 1098).

**I. There is a reasonable likelihood that the Plaintiff will succeed on the mertis in this case.**

In the seven circuit, the threshold for showing a reasonable likelihood of success is low. Plaintiff need only chance of succeeding Coooper v. Salazar, 196 f. 3d 809, 813 (7th cir. 1999). demonstrate a better than negligence with deliberate indifference to the deprivation of a basic need. Farmer v. Brennan, 511 U.S. 285 (198).Here the plaintiff are very likely to prevail on the merits. The First, Eighth and Fourteenth Amendment requires prison official to protect the health and safety of inmates. And they may not act with deleberate indifference to the deprivation of basic human need. Farmer v. Brennan, 511 U.S. 825 (1994). It is well establish that **sleep** is a human need and a necessary.

**II. The Plaintiffs faces substantial threat of irreparable harm.**

Irreparable harm will result unless the injunction is granted in this case. As a result of being retaliated against, denying Plaintiff Lopez the opportutnity ti sleep for weeks, more than two hours a day, due to the 24-7 illuminated cell and continued adverse conduct at every turn by the new defendants, the attached exhibit clearly establishes such a claim, with the constant harassment, denying due process, interference with incoming and out going legal mail; Moving Plaintiff Lopez to a cell where the cell lights never goes off for over three weeks.  Are all obviouse ground of intentional adverse conduct which violates the ("First, Eighth, and Fourteenth Amendment Rights in according to the united States Constitution.

There is no remedy at law for Plaintiff's injuries, as they would be 96 inadequate. The advers conduct will continue to take place without the Injunctive relief; Roland Mach. Co. v Dreasser Indus. inc., 749 F.2d 380, 386 (7th. Cir 19841984). As it stands, any remedy at law would be seriously deficient. See Jolly V. Coughhlin, 76 F.3d 468, 482 (2dth Cir. 1996)( finding that plaintiff had sustainced irreparable harm "that connot be adequately compensated monetarily).

Plaintiff Lopez, through his attached exhibit has clearly establish a prima facie case against the defendants. The countless of letters, Grievances and legal documents proof that the Plaintiff has exercised his due diligence to try and resolve the adverse action through the available state remedy all to no avail. The continued adverse conduct, give the Plaintiff no other venue other than to bring this matter to this court's attention and **pray for intervention**.

### III. The threatened harm to the Plaintiff outweighs any harm the injunction may cause the defendant.

The scales of risk here title heavily in favor of granting an injunction. The Plaintiff's life and safety are in harms way and/or on the hands of the new defendants/oppressors. The relief Plaintiff Lopez seeks is for this court to issue an order preventing the defendants and all acting in concert with them to **(STOP),** all the physical, emotional and mental torture and constitutional violations.

For the defendants to perform their duties under the Constitution, See Farmer, 511 U.S. at 832-33. The proposed relief is narrowly tailored to the ongoing violations of Plaintiff's Constitutional rights and to prevent the occurence of irreparable harm. See 18 U.S.C. §3626(a).

It will not cause the defendants any real "Harm"

### IV. The public interest will not be disserviced by a preliminary injunction.

The Plaintiffs seeks a prelimiray injunction to protect their rights under the First, Eighth and Fourteent Amendment. As a general matter, The "Public Interest". . . is always well served by protecting the constitutional rights. "Reinhert V. Hass, 585 F. Supp. 477, 481 (S.D.Iowa)."

The defendants are deliberately neglecting the duties imposed upon them by their public office. Holding prison officials accountable to protect the health and safety of persons in their care and custody serves a broader public insterest.

Societal interests are not served by the defendants' current practice of being indifferent to the Plaintiff's health and safety. Plaintiff seeks this court's intervention to

**(STOP)** the the adverse conduct, oppressions, harassment, and abuse upon the plaintiff.

## CONCLUSION

Wherefore: the Plaintiff asks this Court to order the defendants, their successors, agents, employees, and all persons acting in concert with them to Stop the interfering with his legal mail, access to the court and violation of the Eighth and Fourteenth Amendment, also **Cease** the abuse, harassment, Deprivtion of sleep, Physical and mental torture, **Cease/Stop** the 24-7, illuminated cell, and provide Plaintiff Lopez with the necessary eye care due to injuries suffered from the 24-7, illuminated cell. PRAYER FOR RELIEF.

Respectfully Submitted,

George Ivan Lopez, Pro se
SCI-Phoenix, CZ-3198
1200 Mokychic Drive
Collegeville, Pa. 19426

Date 11/18/2022

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| George Ivan Lopez, | * | Case No#:3:21-CV-1819 |
| and all Named Plaintiffs, | * | |
| | * | |
| Vs. | * | JUDGE.CHRISTOPHER C. CONNER |
| | * | M.J. KARALINE MEHALCHICK. |
| Secretary, John Wetzel, DOC, | * | |
| Secretary, Jeffrey Beard (Retired) | * | |
| Secretary Martin F. Horn (Retiared) | * | |
| Lisa Durand,Unit Manager | * | |
| Co-Briscoe, | * | |
| Co-Gossner, | * | |
| Sgt. Valdez. | * | |
| Ms. Valerie Strunk, Commputer Tech | * | |

## CERTIFICATE OF SERVICE

I, THE UNDERSIGNED, HEREBY VERIFY THAT ON THIS 18TH, DAY OF NOVEMBER, 2022, HAVE SERVED A TRUE AND CORRECT COPY OF THE HERETO PRELIMINARY INJUNCTION UPON THE DEFENDANTS COUNSEL AND ITS SERVED VIA FIRST CLASS PRE-PAID POSTAGE, WHICH SERVICE SATISFY THE COURTS REQUIREMENTS.

**FRIST CLASS MAIL:**

TO, Chief Counsel Office
Attorney for Defendants,
Ms. Kim Adam, Esq
1920 Techonology Parkway
Mechanicsburg, Pa. 17050

RESPECTFULLY SUBMITTED

GEORGE IVAN LOPEZ, CZ-3198
1200 MORYCHIC DRIVE
COLLEGEVILLE, PA. 19426

1