IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE IVAN LOPEZ, et al., | : | Honorable Christopher C. Connor |
| | : | Honorable MJ Karoline Mehalchick |
| Plaintiff | : | |
| | : | |
| v. | : | No. 3:21-CV-1819 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

BRIEF IN SUPPORT OF THE DEFENDANTS' MOTION FOR
RECONSIDERATION OF THE NOVEMBER 30, 2022, ORDER ADOPTING THE
REPORT AND RECOMMENDATION WITH RESPECT TO PLAINTIFF'S
EIGHTH AMENDMENT CLAIMS

Relevant Procedural History

On October 26, 2021, Plaintiffs filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of their rights under the Eighth and Fourteenth Amendments, as well as the Americans with Disabilities Act. See. Doc 1. On February 18, 2022, Defendants filed a Motion to Dismiss and Brief in Support, arguing Defendants were entitled to qualified immunity for the Eighth and Fourteenth Amendment claims. See. Docs. 32 and 33. On April 20, 2022, Plaintiffs filed a Brief in Opposition to Defendants Motion to Dismiss, arguing Defendants are not entitled to qualified immunity. See. Doc. 46.

On August 3, 2022, Chief Magistrate Judge Mehalchick issued a Report and Recommendation denying Defendants' Motion to Dismiss, finding Defendants are not entitled to qualified immunity on the Eighth and Fourteenth Amendment claims. See. Doc. 53. On August 17, 2022, Defendants filed Objections to the Report

1

and Recommendation challenging the recommendation that they were not entitled to qualified immunity as to the Eighth and Fourteenth Amendment claims. See. Doc. 58. On September 12, 2022, Plaintiffs filed a Brief in Response to Defendants' Objections. See. Doc. 75.

On November 30, 2022, This Honorable Court issued an Order and Memorandum adopting the Report and Recommendation as to Plaintiffs' Eighth Amendment and statutory claims and granted Defendants' Motion to Dismiss as to the Fourteenth Amendment claims, with prejudice. See. Docs. 86 and 87. Specifically, This Court found that Defendants were entitled to qualified immunity on the Fourteenth Amendment claim and were not entitled to qualified immunity on the Eighth Amendment claim. Id.

On December 21, 2022, Defendants filed a Motion for Reconsideration of This Court's Order adopting the portion of the Report and Recommendation finding Defendants are not entitled to qualified immunity on the Eighth Amendment claim. See. Doc. 97. In accordance with Middle District of Pennsylvania Local Rule 7.5, Defendants are filing this brief in support of their motion.

Statement of Alleged Facts

Plaintiffs have alleged they were held in solitary confinement under harsh conditions that include a small cell, constant illumination, lack of social interaction, lack of visitation, lack of educational services, lack of organized recreational activities, etc. See Doc. 1 at ¶¶22-64. Plaintiffs contend they suffer

from a variety of medical and mental health disorders. Id. at ¶¶ 90-144. Plaintiffs each aver that as a result of their medical and mental disorders, in combination with the harsh conditions, caused them to experience significant physical pain and exacerbated medical and mental issues. Id.

Plaintiffs allege that their prolonged solitary confinement violated the Eighth Amendment prohibition against cruel and unusual punishment. Id. at ¶¶ 167-181. This Court found that Defendants are not entitled to qualified immunity for this Eighth Amendment claim based on Plaintiffs' allegations of mental illness and suicidality, as well as the unsanitary conditions and sleep deprivation. See. Doc. 87.

## Statement of Questions Presented[1]

1. Should this Court grant Defendants' Motion for Reconsideration and vacate the November 30, 2022, Order to the extent that it denies qualified immunity to Defendants for Plaintiffs' Eighth Amendment claim?

## Standard of Review

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence,

---

[1] The question presented is respectfully requested to be answered in the affirmative.

3

which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See Howard Hess Dental, 602 F.3d at 251 (citing Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked…. It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotation marks omitted). Further, a party cannot use a motion for reconsideration as a second bite at the apple; "a motion to reconsider may not raise new argument that could have (or should have) been made in support of or in opposition to the original motion." R & B, Inc. v. Needa Part Mfg., Inc., CIV.A. 01-1234, 2005 WL 3054595, at *1 (E.D. Pa. Nov. 15, 2005).

## Argument

1. This Court should grant Defendants' Motion for Reconsideration and vacate the November 30, 2022, Order to the extent that it denies qualified immunity to Defendants for Plaintiffs' Eighth Amendment claim.

Defendants seek reconsideration to correct a clear error of law with regard to the application of Third Circuit precedent to this case. Howard Hess Dental, 602 F.3d at 251 (citing Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Specifically, Defendants contend this Court misapplied Third Circuit precedent, and erroneously determined that qualified immunity is inapplicable as to Plaintiffs' Eighth Amendment claim.

4

Very recently, the applicable lineage of Third Circuit precedent established by Porter v. Pennsylvania Dep't of Corrections, et al., 974 F.3d 431 (3d Cir. 2020) and continued by Johnson v. Pennsylvania Department of Corrections, et al., 846 Fed Appx. 123 (3d Cir. 2021) was employed by the Eastern District of Pennsylvania to grant qualified immunity to Corrections Defendants as to an identical Eighth Amendment claim. See Williams v. Wetzel et al., No. CV 21-01248-ECR, 2022 WL 2869316 (E.D.Pa. July 21, 2022)[2]. This Court errs by instead analyzing Plaintiffs' Eighth Amendment claim and Defendants' request for qualified immunity through the metric created by Palakovic v. Wetzel, 854 F.3d 202 (3d Cir. 2017, Allah v. Bartkowski, 574 F.App'x 135 (3d Cir. 2014); and, Clark v. Coupe, ___ F.4th ___, 2022 WL 17246324 (3d Cir. Nov. 28, 2022).

Porter, Johnson, and now Williams expressly address conditions of confinement as experienced in the capital case unit ("CCU") by death-sentenced prisoners. Conversely, Palakovic, Allah, and Clark do not involve conditions in that specialized unit or involving that specialized population, and are therefore less applicable for purposes of resolving acute issue-specific questions of qualified immunity.

This distinction, conditions of confinement while in the CCU, as opposed to housing a mentally ill inmate in solitary confinement, is vital. In establishing a right for purposes of qualified immunity, the right must be framed "in light of the

---

[2] An appeal is pending in this matter; *See* Roy Lee Williams v. Secretary Pennsylvania Department of Corrections, 22-2399 (3d Cir.)

specific context of the case, not as a broad general proposition" because only then can a court determine whether "the violative nature of the [officials'] *particular* conduct is clearly established. Clark at *9; Peroza-Benitez v. Smith, 994 F.3d 157, 165, 3d Cir. 2021 (quoting, Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)); Mullenix v. Luna, 557 U.S. 7, 136 S.Ct. 305, 308, 193 L.Ed. 255 (2015) (per curium) (emphasis in original).

Plaintiffs being housed in the CCU is particularly relevant to the context of this case in determining whether Defendants are entitled to qualified immunity. Clark. At *9. Porter clearly has stated "[c]ases that challenge interpretation of death row policy and conditions on death row are distinct from cases brought by inmates in general population subject to solitary confinement." Porter 974 F.3d 450. Furthermore, Porter expressly rejected Porter's reliance on Palakovic and Allah, because neither of the Plaintiff's in those cases were on death row. Id., at 450-51.

Despite Plaintiffs in the underlying matter being on the CCU, this Court found the Department denied Plaintiffs their clearly established "rights to mental health treatment" in denying qualified immunity to Defendants for the Eighth Amendment claim. See. Doc. 86. The Court relied on allegations of Plaintiffs' mental illnesses and suicidality, as well as the unsanitary conditions and sleep deprivation to which prison officials subjected them, in finding the right to adequate medical treatment was clearly established, and finding Defendants are not entitled to qualified immunity on the Eighth Amendment claim. See. Doc. 86.

In reaching this conclusion, that the right to medical treatment was clearly established, this Court relied on Palakovic. Id. However, the Courts' reliance on Palakovic, is misplaced, as Palakovic was not on death row. Porter, 974 F.3d 491. By relying on cases involving prolong solitary confinement where the inmate was not on death row, this Court is diverging from the Third Circuit precedent of interpreting death row policy and conditions on death row with cases brought by inmates in general population[3]. Id. Therefore, Porter, Johnson, and Williams are controlling with regards to qualified immunity for Plaintiffs' Eighth Amendment claim, and Defendants are entitled to qualified immunity for the Eighth Amendment claim.

Furthermore, in rejecting Porter and Johnson, which involved inmates in the CCU, this Court stated that neither case "involved the extensive psychological profiles and diagnoses, detailed histories of mental decompensation, patterns of self-harm, and particular instances of unrequited appeals for treatment", as alleged in their Complaint. See. Doc. 86. However, Porter did address the psychological impact of solitary confinement on Porter. The Third Circuit addressed the increased potential for inmates to suffer anxiety, panic, depression, PTSD, psychosis, hallucinations, paranoia, claustrophobia and suicidal ideations. Porter 974 F.3d at 442. The Court also acknowledged that Porter himself "provided

---

[3] The Third Circuit has treated analogous cases differently when the facts were not similar enough when an inmate was not on death row and did not dispute the death row isolation policy. Porter, 974 F.3d at 450; see, Shoats v. Horn, 213 F.3d 140 (3d Cir. 2000) and Williams v. Secretary Department of Corrections, 848 F.3d 549 (3d Cir. 2017).

7

competent evidence that he has, in fact, experienced severe detrimental effects from his prolonged solitary confinement," including severe anxiety, depression, panic, paranoia, bipolar mood swings, and suicidal impulses." Id., at 443. Without question, Porter involved substantial discussion about the impact of solitary confinement upon the mental health of a capital case prisoner and Porter specifically. To suggest that the qualified immunity outcome of Porter is inapplicable because that case contained no mental health component is abjectly incorrect. Also, The Third Circuit in Johnson, found that the facts and law of at case were too similar to Porter, and a more developed record would not overcome the lack of binding, precedential opinions clearly establishing the Eighth Amendment right at the time of Johnson's solitary confinement. Johnson, 846 Fed.Appx. at 129.

Furthermore, the Eastern District Court of Pennsylvania specifically found that it was bound by Porter, in granting qualified immunity to Defendant Wetzel for an Eighth Amendment claim, when specific allegations of mental health were present for an inmate housed in the CCU. Williams 2022 WL 2869316 at *8. Williams had identical allegations as the Plaintiffs in this matter such as incarceration in the Department's CCU since 1992; that his mental disabilities were exacerbated by his prolonged isolation in the CCU; and, his extensive history of mental health issues, including attempted suicide and institutionalization in a mental hospital prior to incarceration. Id. at *2-3. With this specific and detailed information available to the Court, including Williams's mental health, suicide

attempts, and alleged mental deterioration, the <u>Williams</u> Court found Defendant Wetzel was entitled to qualified immunity, because it was bound by <u>Porter</u>. <u>Id.</u> at *2-3, *8.

Third Circuit precedent as established by <u>Porter</u> and <u>Johnson</u>, and most recently employed in <u>Williams</u>, establishes qualified immunity applies to Defendants for underlying Eighth Amendment claims. To find otherwise is a clear error of law. Therefore, Defendants are entitled to qualified immunity for the Eighth Amendment claim.

Conclusion

Defendants respectfully request that to the extent the Order of November 30, 2022, adopted the Report and Recommendation denying qualified immunity for Defendants for the Eighth Amendment claims, that the Court reconsider that Order.

Respectfully submitted,

Office of General Counsel

*Kim Adams*

Kim Adams, Assistant Counsel
Attorney ID No.: 205848
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: kimbadams@pa.gov

Date: December 21, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE IVAN LOPEZ, et al., | : | Honorable Christopher C. Connor |
| | : | Honorable MJ Karoline Mehalchick |
| Plaintiff | : | |
| | : | |
| v. | : | No. 3:21-CV-1819 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of the foregoing Brief in Support upon George Lopez (CZ3198), Darien Houser (GL7509), Gerald Watkins (DD5212), Ralph Stokes (AY9034), Richard Poplawski (KB7354), Mark Spotz (DA4586), at Smart Communications/PA DOC, SCI Phoenix, PO Box 33028, St. Petersburg, FL 33733; and,

Jose Uderra
687 E. Philadelphia St
York, PA 17403

                                                       /s/ *Luana DeBernardis*
                                                       Luana DeBernardis
                                                       Legal Office Administrator I

Dated: December 21, 2022