IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE IVAN LOPEZ**, *et al.*, | : CIVIL ACTION NO. 3:21-CV-1819 |
| **Plaintiffs** | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| **JOHN E. WETZEL**, *et al.*, | : |
| | : |
| **Defendants** | : |

# ORDER

AND NOW, this 27th day of December, 2022, upon consideration of defendants' motion (Doc. 97) for reconsideration of this court's order (Doc. 87) adopting in part the report and recommendation of Chief Magistrate Judge Karoline Mehalchick and denying qualified immunity as to plaintiffs' Eighth Amendment claims, and the brief in support thereof, which likens plaintiffs' claims to general conditions-of-confinement challenges raised by capital prisoners and rejected by our court of appeals on qualified immunity grounds for want of a previously recognized constitutional right in Porter v. Pennsylvania Department of Corrections, 974 F.3d 431 (3d Cir. 2020), and Johnson v. Pennsylvania Department of Corrections, 846 F. App'x 123 (3d Cir. 2021) (nonprecedential), in contradistinction to the undersigned's conclusion that plaintiffs' claims invoke the well-settled right of prisoners not to suffer cruel and unusual punishment of prison officials' deliberate indifference to their serious medical needs, as recognized by the Supreme Court of the United States in Estelle v. Gamble, 429 U.S. 97, 104 (1976), and its progeny in this circuit, see, e.g., Palakovic v. Wetzel, 854 F.3d 209, 227-29 (3d

Cir. 2017); Goodrich v. Clinton Cnty. Prison, 214 F. App'x 105, 110-11 (3d Cir. 2007) (nonprecedential); see also Clark v. Coupe, ___ F.4th ___, 2022 WL 17246324, at *7-8 (3d Cir. Nov. 28, 2022) (discussing Palakovic), and the court emphasizing the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and that a party may not move for reconsideration as a means to relitigate matters previously resolved by the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (nonprecedential) (citation omitted); accord Solomon v. United States, 680 F. App'x 123, 125 n.3 (3d Cir. 2017) (nonprecedential) (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)), and it appearing defendants purport to raise a clear error of law, but merely rehash arguments already analyzed—and rejected—by the undersigned regarding the proper line of precedents under which to assess plaintiffs' claims, (see Doc. 86 at 10-16), and thus fail to satisfy the exacting standard of review applied to motions for reconsideration, it is hereby ORDERED that defendants' motion (Doc. 97) for reconsideration is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania