**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEORGE LOPEZ, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil No. 3:21-CV-1819 |
| | : | |
| v. | : | (CONNER, J.) |
| | : | (MEHALCHICK, M.J.) |
| JOHN E. WETZEL, *et al.,* | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| MARK SPOTS, | : | |
| | : | |
| Plaintiffs, | : | Civil No. 1:21-cv-1799 |
| | : | |
| v. | : | (CONNER, J.) |
| | : | (MEHALCHICK, MJ) |
| JOHN E. WETZEL, *et al.,* | : | |
| | : | |
| Defendants. | : | Filed via Electronic Case Filing |

### **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants, by and through undersigned counsel, hereby files the following Answer to Plaintiffs' Complaint (*See*, Doc. 1):

### **"INTRODUCTION"**

No response is required to Plaintiffs' unnumbered, introductory paragraphs that constitute legal arguments. To the extent a response is deemed required, it is specifically denied that Defendants violated Plaintiffs' constitutional rights or that they are entitled to any relief.

## **"JURISDICTION AND VENUE"**

1.    Admitted.

2.    Admitted.

3.    Admitted.

## **"PARTIES"**

4.    This averment is admitted in part and denied in part. It is admitted that at the time the Complaint was filed Plaintiff Lopez was 62 years old and is currently housed at SCI Phoenix. The remainder of the averment is denied in its entirety and strict proof is demanded at trial.

5.    This averment is admitted in part and denied in part. It is admitted Plaintiff Houser is currently housed at SCI Phoenix. The remainder of the averment is denied in its entirety and strict proof is demanded at trial.

6.    This averment is admitted in part and denied in part. It is admitted Plaintiff Watkins is currently housed in SCI Phoenix. The remainder of the averment is denied in its entirety and strict proof is demanded at trial.

7.    This averment is admitted in part and denied in part. It is admitted Plaintiff Stokes was 58 years old at the time of the filing of the Complaint and that he is currently housed in SCI Phoenix. The remainder of the averment is denied in its entirety and strict proof is demanded at trial.

8.      This averment is admitted in part and denied in part. It is admitted that at the time the Complaint was filed, Plaintiff Uderra was incarcerated at SCI-Phoenix. It is denied that Plaintiff Uderra is currently incarcerated in SCI-Phoenix. The remainder of the averment is denied in its entirety and strict proof is demanded at trial.

9.      This averment is admitted in part and denied in part. It is admitted that at the time the Complaint was filed Plaintiff Poplawski was 35 years old and is currently incarcerated at SCI Phoenix. The remainder of the averment is denied in its entirety and strict proof is demanded at trial.

10.     Admitted.

11.     This averment is admitted in part and denied in part. It is admitted that, in their roles as former Secretaries of the Department of Corrections, Defendants Wetzel, Beard, and Horn were responsible for the overall management and operation of the Department. The remainder of the averment is denied in its entirety. By way of further response, to the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

12.     This averment is admitted in part and denied in part. It is admitted Defendants Wetzel, Beard, and Horn determined rules, regulations, and policies regarding the management and overall operation of the Department, including the units that housed Plaintiffs. The remainder of the averment is denied in its entirety and strict proof is demanded at trial. By way of further response, it is denied Defendants Wetzel, Beard and Horn authorized and condoned the hosing of Plaintiffs in solitary confinement without rationale. Furthermore, to the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

13.     Admitted in part, denied in part. It is specifically admitted that Plaintiff has brought suit against the Defendants in their official capabilities and has sought monetary damages and declaratory relief. It is specifically denied that the Defendants violated their constitutional rights, or that they did so while acting under the color of state law.

14.     Admitted.

15.     Admitted.

16.     Admitted.

## **"STATEMENT OF FACTS"**

A. Conditions and Circumstances of Plaintiffs' Confinement

17.    Admitted.

18.    This averment is denied as written. By way of further response, 61 Pa.C.S.A. § 4303 states, upon receipt of the warrant, the secretary shall, until infliction of the death penalty or until lawful discharge from custody, keep the inmate in solitary confinement.

19.    This averment is denied as written. By way of further response, 61 Pa.C.S.A. § 4302 states, the governor shall, issue a warrant specifying a day for execution which shall be no later than 60 days after the date the warrant is signed.

20.    This averment is admitted in part and denied in part. It is specifically admitted that Plaintiffs were housed pursuant to Department Policy 6.5.8. The remainder of the averment is denied and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

21.    This averment is admitted in part and denied in part. It is admitted that Restricted Housing Units ("RHU") are utilized to confine

prisoners who must be segregated from the general population for disciplinary infractions and administrative reasons. It is denied Plaintiffs were housed exclusively in the RHU. Plaintiffs were housed in the Capital Case Unit (CCU), but could be confined in an RHU for disciplinary or administrative reasons when required. [1]

22.    Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

23.    Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners

---

[1] In this section of their complaint, Plaintiffs seem to conflate their housing in the Capital Case Units with the conditions of confinement in the Restrictive Housing Units. As identified in the Defendants' responses, these are two distinct units housing two different populations. While capital prisoners could temporarily be housed in a Restricted Housing Unit for disciplinary or administrative reasons, they were predominantly housed in the Capital Case Units. Defendants respond to Plaintiffs' averments as written, with the general qualification that many of the following averments describe a housing unit that was not the predominant site of Plaintiffs' confinement, and therefore not the subject of their remaining claims. Unless otherwise an averment specifically stated the condition is related to the CCU, Defendants are treating the averments following paragraph 21 as that belonging to the RHU.

were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

24. Admitted in part, denied in part. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU.It is specifically denied that Plaintiffs experienced the destruction of their personal property during routine cell searches. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

25. This averment is denied in its entirety and strict proof is demanded at trial. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

26. This averment is denied in its entirety and strict proof is demanded at trial. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

27. Admitted. It is specifically admitted that when Plaintiffs, or other

capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

28. This averment is denied in its entirety and strict proof is demanded at trial. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

29. This averment is denied in its entirety and strict proof is demanded at trial. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

30. Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject

to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

31. Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

32. This averment is admitted in part and denied in part. It is admitted the cell contained a sleeping platform, toilet, sink, and cabinet. The remainder of this averment is denied in its entirety and strict proof is demanded at trial. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

33. This averment is admitted in part and denied in part. It is admitted

Plaintiffs were relocated to new cells every 90 days. The remainder of this averment of this averment is denied in its entirety and strict proof is demanded at trial. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

34.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

35.   Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

36.   This averment is admitted in part and denied in part. It is admitted

when Plaintiffs or other inmates were temporarily housed in the RHU, cells had twenty-four-hour lighting. It is denied the lighting used violated Plaintiffs rights. By way of further response, To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA"). By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

37.     This averment is denied as written. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

38.     Admitted. It is specifically admitted that when Plaintiffs, or other

capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

39.   This averment is admitted in part and denied in part. It is admitted Plaintiffs were given three showers per week. The remainder of this averment is denied, and strict proof is demanded at trial. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

40.   Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further

answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

41.   Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

42.   This averment is denied in its entirety and strict proof is demanded at trial. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

43.   This averment is denied as written. By way of further response, all inmates, regardless of their sentence, were provided access to the mini library on the unit. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to

disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

44.   This averment is denied in its entirety and strict proof is demanded at trial. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

45.   This averment is denied in its entirety and strict proof is demanded at trial. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs'

allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

46. Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

47. Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

48. After reasonable investigation Defendants are without knowledge sufficient to form a belief as to the veracity of the state. Therefore, to the extent a response is required, it is denied.

49. Admitted. It is specifically admitted that Plaintiffs, or other capital

prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

50.  This averment is denied in its entirety and strict proof is demanded at trial. By way of further response, to the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

51.  This averment is denied in its entirety and strict proof is demanded at trial. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

52.  Admitted. It is specifically admitted that Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or

administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

53.     Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

54.     This averment is denied in its entirety and strict proof is demanded at trial. By way of further response, to the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

55.     This averment is denied in its entirety and strict proof is demanded at

trial. By way of further response, to the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

56.   After reasonable investigation Defendants are without knowledge sufficient to form a belief as to the veracity of the state. Therefore, to the extent a response is required, it is denied.

57.   Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

58.   Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners

were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

59.    This averment is admitted in part and denied in part. It is admitted Plaintiffs were separated by visitors by a partition. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU. The remainder of the averment is denied and strict proof is demanded at trial.

60.    Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

61.     Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

62.     Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

63.     This averment is admitted in part and denied in part. It is admitted nylon tethers were attached to the handcuffs. The remainder of this averment is denied, and strict proof is demanded at trial. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies

that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

64.    Admitted. It is specifically admitted that when Plaintiffs, or other capital prisoners, were temporarily housed in the RHU due to disciplinary or administrative reasons, they would have been subject to the policies that guided the operation of the RHU. By way of further answer, and as previously explained, Plaintiffs and capital prisoners were predominantly confined in the CCU. Additionally, Plaintiffs' allegations regarding the operation of the RHU is irrelevant to their remaining claims concerning the operation of the CCU.

65.    This averment is admitted in part and denied in part. It is admitted that Department Policy 7.5.1 "Administration of Specialized Inmate Housing was updated on December 3, 2019. By way of further response, the Plaintiffs were housed on the CCU prior to December 3, 2019, and remain housed on the CCU. The updates found in Department Policy 7.5.1 began to be implemented beginning in the spring of 2018. The remainder of this averment is denied in its entirety and strict proof is demanded at trial.

66.    This averment is denied in its entirety and strict proof is demanded at

trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

B. Ordinary Incidents of Prison Life

67.  No response is required to this introductory paragraph.

68.  Admitted.

69.  This averment is denied in its entirety. Strict proof demanded at trial. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

70.  Admitted. This averment is specifically admitted that general population prisoners are subjected to limited periods of solitary confinement for specific purposes. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

71.  Admitted. This averment is specifically admitted that general population prisoners live in dormitory or cell-block like settings. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

72.   This averment is admitted in part and denied in part. It is admitted general population inmates do not relocate within the prisons at regular intervals. The remainder of this averment is denied, and strict proof demanded at trial. By way of further response, Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

73.   This averment is admitted in part and denied in part. This averment is admitted that inmates in general population have the ability to have more property in their cells than other housing units. The remainder of this averment is denied, and strict proof is demanded at trial. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

74.   Admitted. It is specifically admitted cells in general population are not constantly illuminated. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

75.   Admitted. It is specifically admitted general population inmates may shower and shave on a daily basis. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

76.   Admitted. It is specifically admitted general population inmates may

have multiple, hours-long periods of congregate indoor/outdoor recreation per day. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

77. Admitted. It is specifically admitted general population prisoners' yards typically feature grassy areas and exercise equipment. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

78. Admitted. It is specifically admitted the libraries available to general population prisoners have computers and physical books. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

79. Admitted. It is specifically admitted general population inmates are typically permitted to make as many phone calls as they can afford. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

80. Admitted. It is specifically admitted general population inmates are permitted four contact visits per month. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

81. Admitted. It is specifically general population prisoners are permitted

to dine in communal settings. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

82.    Admitted. It is specifically admitted general population prisoners are permitted to participate in congregate religious activities at facility chapels. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

83.    After reasonable investigation Defendants are without sufficient knowledge to form a belief as to the veracity of the statement. Therefore, to the extent a response is required, it is denied.

84.    This averment is admitted in part and denied in part. It is admitted general population prisoners have a wide range of prison employment opportunities. The rest of the averment is denied and strict proof is demanded at trial. By way of further response, Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

85.    Admitted. It is admitted general population prisoners have access to education. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

86.    Admitted. It is specifically admitted general population prisoners are

permitted, or may be required, to participate in corrective/rehabilitative programming. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

87.  Admitted. It is permitted general population prisoners are permitted to participate in organized recreational activities. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

88.  Admitted. It is admitted general population inmates receive medical are at infirmaries and medical triage wards, where they are afforded private consultations. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

89.  Admitted. It is admitted general population inmates may be subject to strip searches, but they are not subjected to mandatory strip-searching except in limited situations. It is specifically admitted general population inmates may shower and shave on a daily basis. Plaintiffs' allegations regarding the operation of general population is irrelevant to their remaining claims concerning the operation of the CCU.

C. Individual Facts

90.  Admitted.

91.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required, the attached Exhibit is a document which speaks for itself.

92.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required, the attached Exhibit is a document which speaks for itself.

93.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

94.   This averment is denied in its entirety and strict proof is demanded at trial.

95.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

96.   This averment is denied in its entirety and strict proof is demanded at trial.

97.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

98.   This averment is denied in its entirety and strict proof is demanded at trial. By way of further response, Exhibit C is a document which speaks for itself. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

99.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

100.   Admitted.

101.   This averment is denied in its entirety and strict proof is demanded at

trial.

102.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

103.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

104.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

105.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically

denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

106.  This averment is admitted in part and denied in part. It is admitted Plaintiff Houser would use a wheelchair during the timeframe of 2004 to 2020 due to injuries that predated his incarceration. The remainder of the averment is denied in its entirety and strict proof is demanded at trial.

107.  This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

108.  This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

109.  This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this

paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

110. This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

111. This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

112. This averment is admitted in part and denied in part. It is admitted Plaintiff Watkins entered Department custody in 1996. It is admitted Plaintiff Watkins was transferred to SCI Greene. The remainder of the averment is denied in its entirety and strict proof is demanded at trial.

113. This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this

paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

114.   This averment is denied in its entirety and strict proof is demanded at trial.  To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

115.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

116.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

117.  This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

118.  This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

119.  Admitted.

120.  This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

121.  This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically

denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

122.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

123.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

124.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

125.   This averment is denied in its entirety and strict proof is demanded at

trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

126.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

127.   Admitted.

128.   This averment is denied in its entirety and strict proof is demanded at trial. By way of further response, Exhibit D is a document which speaks for itself.

129.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

130.   This averment is denied in its entirety and strict proof is demanded at

trial.

131.    This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

132.    This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

133.    This averment is admitted in part and denied in part. It is admitted Plaintiff Uderra was placed on a mental health roster in 2000, that he was placed in mental health units, and went on hunger strikes. The remainder of the averments are denied and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act

("RA").

134.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Answering Defendants actions/inactions resulted in a violation of Plaintiff's constitutional rights.

135.   Admitted.

136.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

137.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

138.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically

denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

139.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

140.   After reasonable investigation Defendants are without knowledge sufficient to form a belief as to the veracity of the state. Therefore, to the extent a response is required, it is denied.

141.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

142.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of

Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

143. This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

144. This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

D. Joinder and Class Action Allegations

145. This averment is denied in its entirety. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

146. This averment is denied in its entirety. To the extent that a response

is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

147. This averment is denied in its entirety. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Federal Rules of Civil Procedure 23(a) applies. By way of further response, on September 6, 2022, Defendants filed a Brief in Opposition to Class Certification in this matter. (*See*. Doc. 68).

148. Admitted. It is admitted on August 29, 2022, Plaintiffs filed a Joint Motion for Appointment of Counsel and Class Certification. (*See*. Doc. 63).

149. Admitted. It is admitted on August 29, 2022, Plaintiffs filed a Joint Motion for Appointment of Counsel and Class Certification. (*See*. Doc. 63).

150. This averment is denied in its entirety. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument. By way of further response, on September 6, 2022, Defendants filed a Brief in Opposition to Class Certification in this matter. (*See*. Doc. 68).

151.   After reasonable investigation Defendants are without knowledge sufficient to form a belief as to the veracity of the state. Therefore, to the extent a response is required, it is denied.

152.   After reasonable investigation Defendants are without knowledge sufficient to form a belief as to the veracity of the state. Therefore, to the extent a response is required, it is denied.

153.   This averment is denied in its entirety. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument. By way of further response, on September 6, 2022, Defendants filed a Brief in Opposition to Class Certification in this matter. (*See*. Doc. 68).

154.   This averment is denied in its entirety. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument. By way of further response, on September 6, 2022, Defendants filed a Brief in Opposition to Class Certification in this matter. (*See*. Doc. 68).

155.   This averment is denied in its entirety. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument. By way of further response, on September 6, 2022, Defendants filed a Brief in Opposition to Class Certification in this matter. (*See*. Doc. 68).

156.   This averment is denied in its entirety. To the extent that a response

is required to the averment in this paragraph that is a conclusion of law/legal argument. By way of further response, on September 6, 2022, Defendants filed a Brief in Opposition to Class Certification in this matter. (*See*. Doc. 68).

157. Admitted. It is admitted on August 29, 2022, Plaintiffs filed a Joint Motion for Appointment of Counsel and Class Certification. (*See*. Doc. 63).

158. This averment is denied in its entirety. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument. By way of further response, on September 6, 2022, Defendants filed a Brief in Opposition to Class Certification in this matter. (*See*. Doc. 68).

159. This averment is denied in its entirety. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument. By way of further response, on September 6, 2022, Defendants filed a Brief in Opposition to Class Certification in this matter. (*See*. Doc. 68).

160. This averment is denied in its entirety. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument. By way of further response, on September 6, 2022, Defendants filed a Brief in Opposition to Class Certification in this matter. (*See*. Doc. 68).

161.   This averment is admitted denied as written. It is specifically denied that there are class members. By way of further response, to the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument. By way of further response, on September 6, 2022, Defendants filed a Brief in Opposition to Class Certification in this matter. (*See*. Doc. 68).

162.   This averment is denied as written. By way of further response, it is admitted that other Capital Case Unit Inmates have filed civil lawsuits in The United States District Court for the Middle District of Pennsylvania, The United States District Court for the Western District of Pennsylvania, and the United States District Court for the Eastern District of Pennsylvania.

163.   This averment is denied. By way of further response, the various lawsuits filed are at different stages of litigation.

164.   This averment is denied in its entirety. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument. By way of further response, on September 6, 2022, Defendants filed a Brief in Opposition to Class Certification in this matter. (*See*. Doc. 68).

165.   After reasonable investigation Defendants are without knowledge sufficient to form a belief as to the veracity of the state. Therefore, to the extent a response is required, it is denied.

166.    This averment does not require a response. By way of further response, Plaintiffs filed a Motion Seeking Class Counsel on August 28, 2022. (*See*. Doc. 63).

## "CAUSE OF ACTION"

## Count 1 Cruel and Unusual Punishment

167.    This averment is an incorporation paragraph, as related to previous paragraphs in this Complaint. Therefore, no response is required. To the extent the Plaintiffs attempt to incorporate the factual averments in *Reid v. Wetzel*, 18-cv-0176 Doc. 1., this attempt violates Fed.R.Civ.Proc. 8. Plaintiffs cannot simply incorporate the factual averments from *Reid v. Wetzel* to satisfy the pleading requirements under the Federal Rules. These allegations are so overbroad as to make it unreasonable to require a specific response. *Greene v. City of Philadelphia*, 2012 WL 446235 at *5 (E.D.Pa. September 26, 2012).

168.    This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA"). By way of further response, to the extent Plaintiffs attempt to incorporate documents from *Reid v. Wetzel*, 18-cv-0176, this attempt violates

Fed.R.Civ.Proc. 8.

169.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

170.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

171.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

172.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically

denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

173.    This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

174.    This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

175.    This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

176.    This averment is denied in its entirety and strict proof is demanded at

trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

177.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

178.   This averment is admitted in part and denied in part. It is admitted Defendant Wetzel has been named as a defendant in other lawsuits regarding solitary confinement. The remainder of the averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

179.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this

paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

180. This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

181. This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

### Count II Substantive Due Process

182. This averment is an incorporation paragraph, as related to previous paragraphs in this Complaint. Therefore, no response is required. To the extent the Plaintiffs attempt to incorporate the factual averments in *Reid v. Wetzel*, 18-cv-0176 Doc. 1., this attempt violates Fed.R.Civ.Proc. 8. Plaintiffs cannot simply incorporate the factual

averments from *Reid v. Wetzel* to satisfy the pleading requirements under the Federal Rules. These allegations are so overbroad as to make it unreasonable to require a specific response. *Greene v. City of Philadelphia*, 2012 WL 446235 at *5 (E.D.Pa. September 26, 2012).

183.   This averment does not contain any factual allegations material to the remaining claims. Therefore, no response is required.

184.   This averment does not contain any factual allegations material to the remaining claims. Therefore, no response is required.

185.   This averment does not contain any factual allegations material to the remaining claims. Therefore, no response is required.

186.   This averment does not contain any factual allegations material to the remaining claims. Therefore, no response is required.

187.   This averment does not contain any factual allegations material to the remaining claims. Therefore, no response is required.

188.   This averment does not contain any factual allegations material to the remaining claims. Therefore, no response is required.

189.   This averment does not contain any factual allegations material to the remaining claims. Therefore, no response is required.

190.   This averment does not contain any factual allegations material to the remaining claims. Therefore, no response is required.

191.   This averment does not contain any factual allegations material to the remaining claims. Therefore, no response is required.

## Count III Failure to Accommodate

192.   This averment is an incorporation paragraph, as related to previous paragraphs in this Complaint. Therefore, no response is required. To the extent the Plaintiffs attempt to incorporate the factual averments in *Reid v. Wetzel*, 18-cv-0176 Doc. 1., this attempt violates Fed.R.Civ.Proc. 8. Plaintiffs cannot simply incorporate the factual averments from *Reid v. Wetzel* to satisfy the pleading requirements under the Federal Rules. These allegations are so overbroad as to make it unreasonable to require a specific response. *Greene v. City of Philadelphia*, 2012 WL 446235 at *5 (E.D.Pa. September 26, 2012).

193.   Admitted.

194.   Admitted.

195.   This averment is denied as written. Section 504 of the Rehabilitation Act of 1973 is a federal civil rights law that prohibits discrimination on the basis of disability, stating, "No otherwise qualified individual with a disability in the United States...shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Reasonable accommodations must give disabled prisoners "meaningful access" to programs, activities, and services.

196.   This averment is denied in its entirety and strict proof is demanded at

trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

197. This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

198. This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

199. Admitted.

200. This averment is denied as written. 28 C.F.R. § 35152(b)(2) states: "Public entities shall ensure that inmates or detainees with disabilities are housed in the most integrated setting appropriate to the needs of the individuals. Unless it is appropriate to make an exception." 28

C.F.R. § 35.130(d) states: A public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities."

201.  This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

202.  This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

203.  This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

204.  This averment is denied in its entirety and strict proof is demanded at

trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

205. This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

206. This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

207. This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With

Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

208.   This averment is an incorporation paragraph in that the Plaintiffs are attempting to incorporate the factual averments from Count I in *Reid v. Wetzel*, 18-cv-0176 Doc. 1. This attempt violates Fed.R.Civ.Proc. 8. Plaintiffs cannot simply incorporate the factual averments from *Reid v. Wetzel* to satisfy the pleading requirements under the Federal Rules. These allegations are so overbroad as to make it unreasonable to require a specific response. *Greene v. City of Philadelphia*, 2012 WL 446235 at *5 (E.D.Pa. September 26, 2012).

209.   This averment is denied in its entirety and strict proof is demanded at trial. To the extent that a response is required to the averment in this paragraph that is a conclusion of law/legal argument, it is specifically denied that Defendants actions/inactions resulted in violation of Plaintiff's constitutional rights or a violation of the American With Disabilities Act ("ADA") or the Rehabilitative Act ("RA").

## **"RELIEF"**

No response is required to the remaining paragraphs, as these paragraphs constitute a request for relief. To the extent that a response is deemed required, it is **denied** that Plaintiffs are entitled to any relief.

Answering Defendants generally deny all allegations not specifically admitted.

**WHEREFORE**, Defendants requests that Plaintiffs' Complaint be dismissed and judgment be entered in favor of Defendants and against Plaintiffs, along with sanctions, costs, attorney's fees, expenses and any other relief deemed necessary.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants acted at all times within the scope of their authority and without any actual or imputed knowledge that their actions violated any of Plaintiffs' constitutional rights and, therefore, is immune from suit.

### Second Affirmative Defense

Defendants at all times were acting in reliance upon valid federal and state laws and regulations.

### Third Affirmative Defense

Defendants asserts each and every defense available to them under the existing Civil Rights Act.

### Fourth Affirmative Defense

Whatever injuries or damages were sustained by Plaintiffs', as alleged, were caused in whole or in part or were contributed to by reasons of the negligent or intentional conduct of Plaintiffs.

### Fifth Affirmative Defense

The acts or omissions of Defendants which were alleged to constitute negligent or more culpable conduct were not substantial causes or factors in the injuries sustained by Plaintiffs.

Sixth Affirmative Defense

Any and all damages or injuries sustained by Plaintiffs resulted not from the conduct or acts of Defendants, but from the conduct or acts of Plaintiffs or other persons.

Seventh Affirmative Defense

Whatever actions may have been taken by Defendants that caused loss to Plaintiffs' were justified.

Eighth Affirmative Defense

Defendants' conduct was neither negligent nor more culpable.

Ninth Affirmative Defense

Defendants lacked personal or direct involvement in any of the alleged violations of the Plaintiffs' rights.

Tenth Affirmative Defense

Plaintiffs' state law claims are barred by sovereign immunity and are not waived by any of the exceptions thereto.  1 Pa.C.S. §2310; 42 Pa.C.S. §8522.

Eleventh Affirmative Defense

To the extent that immunity has been waived with respect to any of Plaintiffs' claims, Defendants assert all defenses to and limitations upon those claims which are or may hereafter be set forth at 42 Pa.C.S. §§8522 - 8528.

Twelfth Affirmative Defense

Defendants are entitled to official immunity from Plaintiff's claims.

### Thirteenth Affirmative Defense

At all times relevant hereto, any actions or inactions of Defendants were done within the scope of their authority in good faith and without malice, and therefore, are entitled to qualified immunity.

### Fourteenth Affirmative Defense

Defendants are entitled to objective good faith immunity from Plaintiffs' claims, and Defendants have not violated any rights and/or clearly established rights of Plaintiffs.

### Fifteenth Affirmative Defense

Plaintiffs consented to any actions or inactions committed by Defendants, and therefore, Plaintiffs' claims are barred against Defendants.

### Sixteenth Affirmative Defense

Any actions or inactions committed by Defendants were done pursuant to duties required by statute, regulation or directive and so Defendants are immune.

### Seventeenth Affirmative Defense

Defendants assert all limitations upon the Plaintiff's claims set forth in the Prison Litigation Reform Act, 42 U.S.C. §1997e, *inter alia*.

### Eighteenth Affirmative Defense

Defendants assert each and every additional defense available to him' under the Prison Litigation Reform Act including that the Plaintiffs are not entitled to damages for mental or emotional injury without a prior showing of physical injury under Section 1997e(e) of the Act.  42 U.S.C. §1997e(e).

<u>Nineteenth Affirmative Defense</u>

Plaintiffs' complaint should be dismissed because he failed to exhaust available administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. §1997e, *inter alia.*

Respectfully submitted,

Office of General Counsel

*Kim Adams*

Kim Adams, Assistant Counsel
Attorney ID No.: 205848
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: kimbadams@pa.gov

Date: January 12, 2023

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE LOPEZ, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil No. 3:21-CV-1819 |
| | : | |
| v. | : | (CONNER, J.) |
| | : | (MEHALCHICK, M.J.) |
| JOHN E. WETZEL, *et al.,* | : | |
| | : | |
| Defendants. | : | |
| MARK SPOTS, | : | |
| | : | |
| Plaintiffs, | : | Civil No. 1:21-cv-1799 |
| | : | |
| v. | : | (CONNER, J.) |
| | : | (MEHALCHICK, MJ) |
| JOHN E. WETZEL, *et al.,* | : | |
| | : | |
| Defendants. | : | Filed via Electronic Case Filing |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Answer was served, by First Class Mail, upon George Lopez (CZ3198), Darien Houser (GL7509), Gerald Watkins (DD5212), Ralph Stokes (AY9034), Richard Poplawski (KB7354), Mark Spotz (DA4586), at Smart Communications/PA DOC, SCI Phoenix, PO Box 33028, St. Petersburg, FL 33733; and,

Jose Uderra
687 E. Philadelphia St
York, PA 17403

_/s/ Luana DeBernardis_
Luana DeBernardis
Legal Office Administrator


Date: January 12, 2023