IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE IVAN LOPEZ, et al., | : | Honorable Christopher C. Connor |
| | : | Honorable MJ Karoline Mehalchick |
| Plaintiff | : | |
| | : | |
| v. | : | No. 3:21-CV-1819 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

**BRIEF IN SUPPORT OF MOTION FOR
LEAVE TO DEPOSE PLAINTIFF**

**STATEMENT OF THE CASE**

**A.** **Identity of the Parties and Statement of Claim:**

Plaintiffs George Lopez (CZ3198), Darien Houser (GL7509), Gerald Watkins (DD5212), Ralph Stokes (AY9034), Richard Poplawski (KB7354), Mark Spotz (DA4586), are inmates at SCI-Phoenix. Plaintiff Jose Uderra, was released from Department of Corrections custody on April 13, 2022. Defendants are the Department of Corrections, former Secretaries of the Department of Corrections John Wetzel, Jeffery Beard, and Martin Horn.

**B.** **Relevant Procedural History:**

Plaintiffs initiated the present action on October 26, 2021, by filing a civil Complaint. After engaging in pretrial motions, the American with Disabilities and

Eighth Amendment claims remain. Defendants filed an answer with affirmative defenses on January 12, 2023.

C.   **Statement of Alleged Facts:**

Plaintiffs, who at the time of filing the Complaint are inmates with active death sentences, filed a civil rights action regarding the conditions of confinement in the Department's Capital Case Unit. Plaintiffs contend they suffer from a variety of medical and mental health disorders. See Doc. 1, ¶ 90-144. Plaintiffs further allege they were held in solitary confinement under harsh conditions that include a small cell, constant illumination, lack of social interaction, lack of visitation, lack of educational services, lack of organized recreational activities, etc. See Doc. 1 at ¶¶22-64. Plaintiffs each aver that as a result of their medical and mental disorders in combination with the harsh conditions caused them to experience significant physical pain and exasperated medical and mental issues. Id. Plaintiffs contend that the harsh conditions endured in solitary confinement lasted until December 3, 2019, when the Department implemented a new policy that repositioned the environment of the CCU. Id at ¶ 65.

Plaintiffs allege that their prolonged solitary confinement violated the Eighth Amendment prohibition against cruel and unusual punishment. Id. at ¶¶ 167-181. Plaintiffs contend their prolonged solitary confinement violated the American with Disabilities Act ("ADA") and the Rehabilitation Act. Id. at ¶¶ 192-209.

## QUESTION PRESENTED

Should Defendants be granted leave to depose Plaintiffs?

Suggested Answer: Yes.

## ARGUMENT

**Defendants should be granted leave to depose Plaintiffs Lopez, Houser, Watkins, Stokes, Poplawski and Spotz.**

Fed.R.Civ.P. 30(a)(2)(B) requires that a party obtain leave of court before taking the deposition of a person confined in prison. This limitation applies even if the prisoner is a party to the action. *See*, *Miller v. Bluff,* 131 F.R.D. 698, 700 (M.D. Pa. 1990)(noting that the inmate plaintiff initiated the lawsuit so "any defendant surely is entitled to take his deposition in conjunction therewith.")(citing *Kendrick v. Schnorbus*, 655 F.2d 727, 729 (6th Cir. 1981)). "It is well established that in civil cases, utmost liberality, in respect to allowing discovery, should prevail in favor of each party against the other party." *See*, *Rorer International Cosmetics, Ltd. v. Halpern*, 85 F.R.D. 43, 45 (E.D. Pa. 1979)(citations omitted).

Defendants respectfully request leave to depose Plaintiffs Lopez, Houser, Watkins, Stokes, Poplawski, and Spotz to fully investigate the remaining claims and prepare their defense. Allowing this deposition will provide the Defendants with the opportunity to gain additional insight into Plaintiffs' claims and to assess their credibility and trustworthiness in the event that this case proceeds to a trial.

Defendants submit that a deposition of Plaintiffs would aid both the Court and counsel in determining the exact scope of this action, and ultimately, in resolving this matter in a timely fashion. Defendants' counsel must conduct the deposition in order to properly defend her clients.

## CONCLUSION

**WHEREFORE**, in light of the foregoing, Defendants respectfully request this Court to grant the Motion for Leave to Depose Plaintiffs George Lopez (CZ3198), Darien Houser (GL7509), Gerald Watkins (DD5212), Ralph Stokes (AY9034), Richard Poplawski (KB7354), Mark Spotz (DA4586).

Respectfully submitted,

Office of General Counsel

_____
Kim Adams, Assistant Counsel
Attorney ID No.: 205848
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: kimbadams@pa.gov

Date: February 21, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE IVAN LOPEZ, et al., | : | Honorable Christopher C. Connor |
| | : | Honorable MJ Karoline Mehalchick |
| Plaintiff | : | |
| | : | |
| v. | : | No. 3:21-CV-1819 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing filing was served upon George Lopez (CZ3198), Darien Houser (GL7509), Gerald Watkins (DD5212), Ralph Stokes (AY9034), Richard Poplawski (KB7354), Mark Spotz (DA4586), at Smart Communications/PA DOC, SCI Phoenix, PO Box 33028, St. Petersburg, FL 33733;

                                                __/s/ *Amy Russell*_____
                                                Amy Russell
                                                Legal Office Administrator I

Dated:  February 21, 2023