IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| George Ivan Lopez, | : Hon: Christopher C. Conner |
|          Plaintiff, | : Hon: M.J. Karoline Mechalechick |
|     Vs. | : |
| | : Case No: 3:21-cv-1819 |
| John Wetzel, et al., | : |
|          Defendants. | : |

PLAINTIFF RALPH STOKES' FIRST SET
OF DOCUMENTARY REQUESTS
TO DEFENDANT

Pursuant to Fed. R. Civ. P., Rule 34, Plaintiff, Ralph Stokes (Stokes) hereby requests that Defendant John Wetzel (Wetzel) produce for inspection and/or copying, the documents and tangible things identified below within thirty (30) calendar days of the service of the documentary requests herein.

1. Any and all documents, generated by or obtained or received by the Pennsylvania Department of Corrections (PADOC), both before and during the tenure of Wetzel, that pertain to the PADOCs treatment policies and practices on mental health care for inmates who present as having mental disorders.

2. Any and all documents, generated by or obtained or received by the PADOC, that pertain to the PADOC's official/unofficial response(s) to the Department of Justice's (DOJ) report of (or nearabouts) 2014, that cautioned and/or advised the PADOC of the deleterious mental and physical effects of long-term and/or permanent solitary confinement to inmates.

3. Any and all documents, generated by or obtained or received by the PADOC, that pertain to the PADOC's official/unofficial response(s) to the American Civil Liberties Union (ACLU) that informed the PADOC that continued and permanent housing of CC inmates (and non-capital case inmates (non-caps)) in solitary confinement was deleterious to their physical and psychological well-being.

---

The word "document" is defined as: correspondence, memoranda, notices, handwritten or typed notes, agendas, analyses, reports, review, working papers, books, charts, telegrams, electronic information retrieval systems (such as e-mail), computer records, calendars, appointment books, date books, brochures, press releases, affidavits, phone message pads, photographs, magnetic tapes, mocrofilm or microfiche, pamphlets, video or audio tapes, film, receipts and studies, policies, regulations, etc.

4. Any and all documents, generated by or obtained or received by the PADOC, both before and during the tenure of Wetzel, that pertain to the deleterious effects of long-term(and/or short term)/permanent housing of those without mental disorders and/or those with manageable disorders when exposed to those inmates with unmanageable disorders. (By "*manageable*" Stokes means, but limited to the, the following: the inmate's mental disorder *is **not*** characterized by uncontrollable outbursts of screaming, banging on structural fixtures likes doors, tables, toilets, etc., assaulting other with spit and/or bodily excretions, etc. Of course, in the context of this request, "*unmanageable*" means the opposite of "*manageable*."

5. Any and all documents, generated by or obtained or received by the PADOC, that pertain to *why* and *when* and the PADOC, under the stewardship of Wetzel, initiated ameliorative practices and policies concering non-caps housed in RHUs.

6. Any and all documents, generated by or obtained or received by the PADOC, that pertain to what steps were taken to ameliorate the onerous conditions of non-caps (both those deemed not to have mental disorders and those diagnosed with mental disorders) housed in RHUs.

7. Any and all documents, both before and during the tenure of Wetzel, that pertain to the (PADOC) practice and policy of housing capital case (CC) inmates in solitary confinement.

8. Any and all documents, both before and during the tenure of Wetzel, that pertain to the PADOCs practice and policy of housing non-caps with mental disorders in solitary confinement.

9. Any and all documents, both before and during the tenure of Wetzel, that pertain to the PADOCs knowledge of the noise levels heard in its RHUs.

10. Any and all documents that define and explain why PADOC staff can have a "stress day(s)" off from work.

11. Any and all documents that pertain to a limitation (recommended or mandatory) on how long PADOC staff should work within the confines of RHUs before being transferred to another job assignment.

Dated: 2-27-2023

By: _Ralph Stokes_
Ralph Stokes
AY-9034
SCI-Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| | )( |
| George Ivan Lopez, | )(   Hon: Christopher C. Conner |
|             Plaintiff, | )(   M.J. Karoline Mechalechick |
| Vs. | )( |
| | )(   Case No: 3:21-cv-1819 |
| John Wetzel, et al., | )( |
|             Defendants. | )( |

## CERTIFICATE OF SERVICE

I, the undersigned hereby certify that on this 25th day of February, 2023, I have

served a true and correct copy of the hereto attached admissions to the

Defendants, via First Class Mail, which service satisfy the Court requirements.

**FIRST CLASS MAIL:**

To: Ms. Kimberly Adams, ESQ.
1920 Technology Parkway
Mechanicsburg, Pa. 17050

RESPECTFULLY SUBMITTED

Ralph Stokes AY-2034
1200 MOKYCHIC DRIVE
COLLEGEVILLE, PA. 19426

1

SC I- Phoenix
Ralph Stokes, # AY-9034
P.O. BOX-244
Collegeville, PA. 19426

RECEIVED
HARRISBURG, PA

MAR 0 2 2023

PER _____ SH _____
DEPUTY CLERK

To. United States
For The Middle D
Ronald Regan Feder
228 Walnot Stre
P.O. Box 983
Harrisburg, Pa.

Legal - Mail