FILED
HARRISBURG, PA

MAR 08 2023

PER _____
DEPUTY CLERK

IN THE
## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| George Ivan Lopez, | )( | |
| Plaintiff, | )( Hon: Christopher C. Conner | |
| | )( M.J. Karoline Mechalechick | |
| Vs. | )( | |
| | )( Case No: 3:21-cv-1819 | |
| John Wetzel, et al., | )( | |
| Defendants. | )( | |

**MOTION MOVING THE COURT TO
DECIDE THE PENDING MOTION FOR APPOINTMENT COUNSEL
PURSUANT TO 28 U.S. § 1915.**

Plaintiffs' George Ivan Lopez, Gerald Watkins, Ralph Stokes, Richard Poplawski, and Mark Spotz, hereby Respectfully request that this Honorable Court **Decide** the currently pending ***Motion for Appoitment of Counsel,*** and in support we state as follows:

1. The Plaintiffs' Lopez, Watkins, Stokes, Poplawski, and Spotz, are unable to afford the much needed counsel. Plaintiffs' have been Granted leave to proceed in forma pauperis.

2. This case is one that involves factual complexities involving proper understanding and interpretation of law, legal standards and constitutional application which will require a trial, involving conflicting testimony and the need to assess the credibility of witness testimony, experts, medical witnesses, complex argumentation, travel to depose witnesses, (Which incarcerated prisoners cannot do) etc. The named Plaintiff will not be permitted nor able to do these things, which support the

1

appointment of counsel. See, Montgomery v. Pinchack, 294 F.3d 492, 503-04 (3rd Cir. 2002).

3. The Named Plaintiffs assert that to this day, [No] discovery material has been provided by the defendants, and on Feberuary 16th, 2023, this court issued an order stating that discovery in this case [Shall] be completed by April 17, 2023. as of to day, the defendants have refused the Plaintiffs all requested discovery, with an attorney all requested discovery would had been provided.

4. The Plaintiffs all suffer from serious mental health illness recognized as a Disability pursuant to Title 42 Chapter 126 of the American Disability Act of 1990, Has been amended by the Congress of the U.S. in 2009, section 12102 (1)(A),(B),(C) definition of disability under the ADA to include: concentrating thinking, communication, and 'Major Bodily functions" to include matters of the brain: (4)(A),(E)(i) and (iv) regarding the definition of disability, that determine whether an impairment substantially limits a major life activity, it shall be made without regard to the ameliorative effects of mitigating measures such as medication learning behavioral science or adaptive neurological modification'.

## ACTUAL FACTS

5. "Plaintiff Lopez" asserts that in the initial Cmplt, at page (13) §§ 90 through 99, he brought forth his mental health issues as diagnosed by the PADOC Psychiatrist and Physiologist, nevertheless, Well known physlolosist and Psychiatrist from the free world "Dr. Anthony Pisa. which Diagnosed Plaintiff Lopez with having mental health issues.

(a) massive free-floating anxiety; (b) Distertions of sensation; (c) Visual Hallucinations, (d) stages of explicable confusion; (e) fearfulness; (f) paranoia, (g) occassional self-aggressive behavior; (h) chronic panic attacks; (i) Post-traumatic stress disorder, and (j) Severe insomnia, which all developed since Plaintiff Lopez was placed in permanent solitary isolation.

6. "Plaintiff Gerald Watkins", asserts in the initial Cmplt, (a) Visual hallucinations, (b) Constant anxiety, (c) auditory hallucinations (d) acute paronia (e) sleep disturbances, due to constant noise and nightmares, See. Complt: Page 16, 112 through 118, Nevertheless Plaintiff Watkins also suffers from (f) body soreness, (g) knee pain and constant (h) headaches, (i) massive weight gain.

7. "Plaintiff Ralph Stokes," has long suffered from cognative Psychological, and emotional impairments as a result of organic-brain damage he was also in a major car-accident. Moreso, Plaintiff Stokes has been diagnosed with erratic mood disorders, by Dr. Jethro Toomer, Ph.D. See Cmplt. 17, §§ 119 through 126.

8. "Plaintiff Richard Poplawski", Suffers from severe depression and constant, vague dread of impending catastrophe, Plaintiff Poplawski also experiences mild perceptial distortions visual and tactile spheres., (e.g., distured depth perception), soft surfaces feeling rough or firm; Poplawski's depression alternated with cycles of mania where his attention and energy would be fixated instesely and obsessively only to "Crash" and leave him uninterested in completing tasks. See; Cmplt Page 19-21, §§ 135

through 144.

9. "Plaintiff, Mark Spotz", carries a diagnosis of: (a) Bipolar Disorder, (b) Chronic and Severe Post-Traumatic Stress Disorder with dissasociated symptoms; (c) Mix Personality Disorder with Borderline Antisocial and Schizotypal features; (d) Schizotypal Disorder; (e) Borderline Personality disorder.

10. The Plaintiffs' symptomatology of these disabilities are a serious imparment in a functioning society. His impairment is flexible  symptoms.

## LEGAL STANDARD

11. In accordance with the Federal Statute, 28 U.S.C. § 1915(d), The indigence of the Plaintiff is a requirement for the appointment of counsel 28 U.S.C. § 1915 (d), in determining whether the interest of justice will suffer the appointment of counsel.

12.  Furthermore,  the District Court must first decide if the Plaintiffs claim has presented a non-frivolous claim and if the appointment of counsel will benefit the plaintiff's  and the Court. In Reese, 946 F.2d at 263, The Court looked to (three) Factors in making that determination (1) The Likelihood of success on the merits; (2) Complexity of the issues involved in the Plaintiff's case and (3) the ability of the Plaintiff to investigate and present his/her case.

13. Here, the Plaintiffs have demonstrated that (a) They have at least two meritorious claims; (b) all the Plaintiffs suffer from countless mental health symptoms; (3) There are limitations and intellectual capacity, which will make it impossible to present their claims without the aid of an attorney. This case has a likelihood of success

on the merits with respect to the remaining claims for relief.

14. Plaintiffs assert that the Honorable M.J. Karoline Mechalechick and the Honorable Christopher C. Conner, have both agreed that the Plaintiffs have demonstrated  a plausible Eighth Amendment claim with the American Disability act claims (ADA), Enough to survive the defendants motion to dismiss.

**Wherefore**, PLaintiff humbly request this Honorable Court to Grant the following Relief:

(1) Find that Plaintiffs, Lopez, Watkins, Stokes, Poplawski,and Spotz have satisfied the Tabron Factors, Tabron v. Grace, 6 F.3d 147 (3rd Cir. 1993);

(2) Find that the Plaintiffs' mental disabilities constitue **[Special Circumstances]**, warranting the appointment of counsel, see Fennell v. Wetzel, 2017 U.S. Dist. Lexis 10372;

(3) Find that denying the requested appointment of counsel will clearly result in "the likelihood of substantial prejudice" to them, for example, the probable inability without such assistance to present the facts and legal issues to the Court in a complex and meritorious case. See Smith-Bay V. Petstock, 741 F.2d, 741 F.2d 22 (3rd. Cir. 1984);

(4) For the Court to use its discretion to" ask an attorney to represent the  named Plaintiffs who are unable to afford counsel." 28 U.S.C. § 1915(e)(1) Parnham Sura;

(5)  Grant the Plaintiffs' Motion for Appointment of Counsel.

RESPECTFULLY SUBMITTED

George Adam Lopez

George Ivan Lopez, CZ-3198
1200 Mokychic Drive
Collegeville, Pa. 19426

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | )( | |
| George Ivan Lopez, | )( | Hon: Christopher C. Conner |
| Plaintiff, | )( | M.J. Karoline Mechalechick |
| Vs. | )( | |
| | )( | Case No: 3:21-cv-1819 |
| John Wetzel, et al., | )( | |
| Defendants. | )( | |

## CERTIFICATE OF SERVICE

I, the undersigned hereby certify that on this 5th day of March, 2023, I have served a true and correct copy of the hereto attached motion for the court to decide of the motion for appointment of counsel, via First Class Mail, which service satisfy the Court requirements.

**FIRST CLASS MAIL:**

To: Ms. Kimberly Adams, ESQ.
1920 Technology Parkway
Mechanicsburg, Pa. 17050

RESPECTFULLY SUBMITTED

George Ivan Lopez
1200 MOKYCHIC DRIVE
COLLEGEVILLE, PA. 19426

1

FROM: George I. Lopez. CZ3199
SCI-Phoenix
P.O. Box 244
Collegeville, PA. 19426
Re: 3:21-CV-1819

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

neopost
03/06/2023
US POST

RECEIVED
HARRISBURG, PA

MAR 0 8 2023

PER _____ IBC _____
DEPUTY CLERK

"Legal Mail"

To: United States District Co
Middle District of Pennsylvania
U.S. Courthouse
228 Walnut street
P.O. BO ████ 983
Harrisburg. PA. ████ 17108