UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE IVAN LOPEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JOHN E. WETZEL, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:21-CV-01819<br><br>(CONNER, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

*Pro se* prisoner-Plaintiffs George Ivan Lopez, Darien Houser, Gerald Watkins, Ralph Stokes, Jose Uderra, and Richard A. Poplawski (collectively, "Plaintiffs") initiated this class action by filing a complaint on October 26, 2021, pursuant to 42 U.S.C. § 1983, against Defendants John E. Wetzel, Jeffery A. Beard, Martin F. Horn, and Pennsylvania Department of Corrections ("DOC") (collectively, "Defendants"). (Doc. 1). Before the Court is Plaintiffs' Lopez's motion for leave to file a supplemental new retaliation claim (Doc. 93), Lopez's motion to compel discovery (Doc. 101), and Lopez's motion to stay discovery and depositions pending the decision of the motions for appointment of counsel (Doc. 120).

I. **BACKGROUND AND PROCEDURAL HISTORY**

On October 26, 2021, Plaintiffs, who are individuals presently sentenced to death and incarcerated by the Commonwealth of Pennsylvania, Department of Corrections ("DOC") at the State Correctional Institution at Phoenix ("SCI-Phoenix"), filed a complaint pursuant to 42 U.S.C. 1983 against Defendants. (Doc. 1). As part of their complaint, Plaintiffs seek class certification pursuant to Rule 23(b)(3) or, alternatively, Rule 23(b)(1) of the Federal Rules of Civil Procedure. (Doc. 1). However, as of the date of this report and recommendation, all Plaintiffs have not filed a motion seeking appointment of counsel and class certification.

Plaintiff Lopez paid the required civil action filing fee on November 2, 2021, and the Court granted Plaintiffs Houser, Watkins, Stokes, Uderra, and Poplawski's individual motions to proceed *in forma pauperis* on December 21, 2021. (Doc. 22; Doc. 24).

In the complaint, Plaintiffs allege that they were held in solitary confinement under harsh conditions, including a small cell, constant illumination, lack of social interaction, lack of visitation, lack of educational services, and lack of organized recreational activities. (Doc. 1, ¶¶ 22-64). Plaintiffs contend that they suffer from a variety of medical and mental health disorders, and aver that such disorders in combination with the harsh condition caused them to suffer significant physical pain and exasperated medical and mental issues. (Doc. 1, ¶¶ 90-144). Plaintiffs assert that the harsh conditions endured in solitary confinement lasted until December 3, 2019, when the DOC implemented a new policy that repositioned the environment of the Capital Case Unit ("CCU"). (Doc. 1, ¶ 65). Plaintiffs assert that their long-term solitary confinement in the CCU violated: (1) the Eighth Amendment prohibition against cruel and unusual punishment (Doc. 1, ¶¶ 167-181); (2) the Fourteenth Amendment (Doc. 1, ¶¶ 182-191); and (3) the America with Disabilities Act ("ADA") and the Rehabilitation Act (Doc. 1, ¶¶ 192-209). As relief, Plaintiffs seek damages and declaratory judgment that Defendants' conduct violated their Eighth and Fourteenth Amendment rights. (Doc. 1, at 30-31).

On February 18, 2022, Defendants filed a motion to partially dismiss Plaintiffs' complaint, along with a brief in support. (Doc. 32; Doc. 33). On February 24, 2022, Defendants filed two motions to stay discovery in this matter until the issue of consolidating and transferring related cases pending in the Eastern District of Pennsylvania is resolved, and any forthcoming motion to dismiss or other dispositive motion is decided. (Doc. 34, at 1;

Doc. 36, at 1). On March 11, 2022, the Court granted Defendants' motions to stay, directing Defendants to file status reports as to the status of the related cases in the Eastern District and any pending dispositive motions. (Doc. 40). On March 20, 2022, Plaintiffs filed a joint brief in opposition to Defendants' motion to dismiss. (Doc. 46). On August 3, 2022, the undersigned lifted the stay in this case and the related case, *Spotz v. Wetzel* ("*Spotz*"), No. 1:21-CV-01799 (M.D. Pa. Oct. 1, 2021), and *sua sponte* consolidated the cases for discovery and pretrial purposes only. (Doc. 52). On the same day, the undersigned recommended that the Court deny Defendants' motion to dismiss. (Doc. 53). On November 30, 2022, the Court adopted the undersigned's recommendation to the extent that it recommends denying Defendants' motion with respect to Plaintiffs' Eighth Amendment and statutory claims. (Doc. 86; Doc. 87). However, the Court granted Defendants' motion to dismiss Plaintiffs' Fourteenth Amendment claims, dismissing them with prejudice. (Doc. 86; Doc. 87).

On August 29, 2022, Plaintiffs filed a motion to appoint counsel and for class certification. (Doc. 63). On December 9, 2022, Lopez filed a motion for leave to file supplemental new retaliation claims and a motion for preliminary injunction. (Doc. 93; Doc. 94). On December 29, 2022, Lopez filed a motion to compel discovery. (Doc. 101). On January 12, 2023, Defendants filed an answer to the complaint. (Doc. 103). On March 8, 2023, Lopez filed another motion to appoint counsel (Doc. 119) and on March 9, 2023, Lopez filed a motion to stay defendants' discovery pending the outcome of the motions to appoint counsel. (Doc. 120).

II. DISCUSSION

    A. MOTION FOR LEAVE TO FILE SUPPLEMENTAL NEW RETALIATION CLAIMS

Lopez seeks leave to file a supplemental new retaliation claim. (Doc. 93). In opposition, Defendants contend Lopez's motion should be denied because it "combines alleged events that have no legal, logical, topical, or temporal connection to the original allegations regarding the harmful effects of solitary confinement." (Doc. 99, at 4). In addition, Defendants assert that the alleged retaliation claim involves different parties and different acts that allegedly occurred after the time period complained of in the complaint. (Doc. 99, at 4).

Since Plaintiffs filed the complaint (Doc. 1) in October 26, 2021, and Defendants have filed an answer (Doc. 103) on January 12, 2023, Plaintiffs may only amend the pleadings by Defendants' consent or the Court's leave. *See* Fed. R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave when justice so requires." However, leave to amend may be denied when there is "undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

Rule 15(d) of the Federal Rules of Civil Procedure governs supplemental complaints and provides in part that "[o]n motion and reasonable notice, the court may, on just terms permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event *that happened after the date of the pleading to be supplemented.*" (emphasis added). Federal Rule of Civil Procedure 18(a) governs the joinder of claims. Rule 18(a) provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20 of the Federal Rules of Civil Procedure, however, limits the joinder of defendants. Rule 20(a)(2) provides:

*Defendants.* Persons . . . may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.
>
> Fed. R. Civ. P. 20(a)(2)(A) and (B).

Courts have broad discretion in applying Rule 20 to reduce inconvenience, delay, and added expense to the parties and to the court, and to promote judicial economy. Nevertheless, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit or circumvent filing fees requirements. *See, e.g., Sanders v. Rose*, 576 F. App'x 91, 94 (3d Cir. 2014); *see also George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

Additionally, the Prisoner Litigation Reform Act ("PLRA") "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *See Ross v. Blake*, 136 S.Ct. 1850, 1856 (2016); 42 U.S.C. § 1997(e). "Exhaustion is considered separately for each claim brought by an inmate, and if a complaint includes both exhausted and unexhausted claims, courts will dismiss the latter but not the former." *Shifflett v. Korszniak*, 934 F.3d 356, 364 (3d Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 219-20 (2007)). A claim exhausted after the commencement of an action is subject to dismissal without prejudice. *See Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) ("[A] prisoner must exhaust all available administrative remedies prior to filing suit".).

Here, Lopez seeks to include retaliation claims against new Defendants Superintendent Joe Terra, Unit Manager Lisa Durand, Unit Sergeant Valdez, Correctional Officer Briscoe, and Correctional Officer Gossner (collectively, "SCI-Phoenix Defendants"). (Doc. 93-1, ¶¶ 1-6). Below is a summary of the issues Lopez is seeking to include in his supplement to the complaint. As part of the settlement reached in *Reid v. Wetzel*, No. 1:18-

- 5 -

CV-00176 (M.D. Pa. Jan. 25, 2018), Plaintiffs were awarded a word-processor and printer to be stationed in the CCU for daily use by all of the Capital Case prisoners to aid in their legal access to the Court. (Doc. 93-1, ¶ 7). Lopez seeks to add a First Amendment retaliation claim and Eighth Amendment claim against SCI-Phoenix Defendants, alleging that they began to retaliate against Lopez after the instant complaint was filed. (Doc. 93-1, ¶ 8). Lopez asserts that a computer technician erased his court files on multiple occasions and SCI-Phoenix Defendants failed to take any action to ameliorate the access to the court violation. (Doc. 93-1, ¶¶ 9-12). In addition, Lopez claims SCI-Phoenix Defendants erroneously denied his request for an eye examination, verbally abused Lopez for weeks, maliciously moved Lopez to a new cell with lights that stay, and denied him a shower. (Doc. 93-1, ¶¶ 13-14, 20-21). Lastly, Lopez maintains that SCI-Phoenix Defendants have refused to respond to his grievances filed regarding the above-mentioned instances of alleged retaliation. (Doc. 93-1, ¶¶ 12, 19, 21). As relief, Lopez seeks declaratory judgment and punitive damages. (Doc. 93-1, at 9).

After a review of Lopez's proposed amendments, the undersigned concludes that the addition of SCI-Phoenix Defendants or the retaliation claims would violate Fed. R. Civ. P. 20. Lopez has failed to demonstrate that any of these claims arose out of the transaction, occurrence, or series of transactions or occurrences, of any questions of law or fact common to all the existing Defendants.

The current nature of this case addresses the RHU conditions of confinement at the now-defunct SCI-Graterford, which closed in 2018, and SCI-Greene, which maintained a capital population under 2020. (Doc. 1, ¶¶ 17, 90, 100, 112, 119, 127, 135). The events of Lopez's proposed supplemental claims occurred following Plaintiffs' filing of this action. Lopez has not established that he exhausted his administrative remedies with respect to these

claims prior to filing the present action. Additionally, the proposed claims against SCI-Phoenix Defendants are not logically related to the events giving rise to Plaintiffs' claims against the current Defendants. The proposed claims against SCI-Phoenix Defendants address decisions made by non-defendants at a State Correctional Institute distinct and separate from the RHUs at SCI-Graterford and SCI-Greene. With respect to medical care, Plaintiffs' current complaint questions the inadequacy of treatment for cognitive, psychological, and physical conditions they incurred because of severe restrictions as RHU residents. (Doc. 1). Lopez's proposed claims against SCI-Phoenix Defendants address treatment decisions made by non-defendants and are not related to the treatment decisions made by SCI-Graterford or SCI-Greene staff members. "Rule 20 refers to the same transaction or occurrence, not similar transactions or occurrences." *Forrest v. Wetzel*, No. 3:17-CV-1777, 2020 WL 2575739, at *4 (M.D. Pa. May 21, 2020). To allow the joinder of Lopez's proposed supplemental; claims, and SCI-Phoenix Defendants, would violate Fed. R. Civ. P. 20.

In sum, denial of Lopez's motion to supplement the complaint to include First Amendment and Eighth Amendment claims will not prejudice Lopez, as he may pursue the excluded claims in a separate action. Additionally, allowing him to join these unrelated claims and parties would permit Lopez to circumvent the provisions of the PLRA. Therefore, the Court will deny Lopez's motion to supplement the complaint without prejudice to him presenting those claims in a new lawsuit.

B. MOTION TO COMPEL DISCOVERY

Lopez's motion to compel seeks to compel production of "all previously requested discovery material pertaining to *all* the named Plaintiffs." (Doc. 101, at 2) (emphasis in original). On February 8, 2022, sent a letter to Defendants' counsel requesting "any and all

medical and medical health records misconducts; grievances; and SOAP notes, psychology/psychiatric reports." (Doc. 104-1, at 1). In response, Defendants' counsel sent each Plaintiff a letter stating: "The requested information is contained within your records that are maintained by the Department. These records are available for inspection and copying, pursuant to Department Policy DC-ADM 003 and Federal Rules of Procedure 34." (Doc. 104-1, at 1).

In opposition, Defendants argue that the motion to compel discovery should be denied because the motion is premature and they have provided a sufficient response to Plaintiffs' discovery request. (Doc. 102, at 4). Defendants have represented that Plaintiffs may make arrangements to review their medical records, provided Plaintiffs comply with applicable Department of Corrections policies governing the production of such information. (Doc. 102, at 5; Doc. 102-2). Specifically, Defendants explain:

> On page 26 of the inmate handbook, inmates are informed, "[y]ou may request access to information maintained in your file by sending a DC-135A, Inmate Request to Staff member, to the appropriate staff member. Furthermore, DC-ADM 003 lists the information that is available and the appropriate staff member to ask." (A true and correct copy of the inmate handbook is attached as Exhibit B) If Plaintiffs records generated by the Program Review Committee, requests slips, letters, grievances and appeals, and misconduct reports, he may submit a DC-135A at the institution. Moreover, pursuant to DC-ADM 804, inmates are provided with copies of grievance documents, and therefore, it is reasonable to infer that Plaintiffs may already possess copies of these documents. Pursuant to DC-ADM 801, inmates are provided with copies of the DC-141, Part 1, Misconduct Report, thus it is reasonable to infer that Plaintiffs may already possess copies of these documents. Furthermore, with regards to medical records and psychology/psychiatry records, Plaintiffs medical records are available for inspection and copying by Plaintiffs, pursuant to policy, through a more convenient source, namely the institution in which Plaintiffs are currently housed in.

(Doc. 102, at 5) (footnote omitted).

In response, Lopez contends Defendants' brief in opposition is "intentional malfeasance by counsel," because Defendants failed to mention that, under DC-ADM 003, requesting review of medical files may take three to six months and Defendants have repeatedly failed to respond to Plaintiffs' written communication. (Doc. 104, at 3-5). Lopez attaches a request form to the DOC Medical Department, in which he sought to review personal medical records and a staff member denied such request, stating: "Copies of medical records not permitted while incarcerated. Attorney can request it with your authorization." (Doc. 104-2, at 1). Lastly, Lopez argues the motion is not premature because "Plaintiffs have survived the Defendants' motion to dismiss complaint." (Doc. 104, at 4).

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson*

*v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery if the discovery sought is unreasonably cumulative, duplicative, or readily obtainable from some other source, the party seeking discovery has had ample opportunity to obtain the information through discovery, or the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). The Court finds that compliance with the prison regulations is a fitting and proper procedure for Plaintiffs to follow in securing access to these medical records. Indeed, in this regard we note that courts have frequently directed or encouraged inmates to comply with reasonable institutional procedures when securing copies of their own prison medical records for litigation purposes.[1] *See, e.g., Bull v. United States,* 143 F. App'x 468 (3d.

---

[1] In addition, the Court notes that DC-ACM 003, "Release of Information," call for Plaintiffs to bear the cost of making copies of their medical records. (Doc. 102-2, at 29). While Plaintiffs have not made a specific request to have Defendants bear these costs, nothing in 28 U.S.C. § 1915 authorizes federal courts to finance or pay for a party's discovery expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Review of the case law reveals that numerous courts recognize the limitations of federal courts to relieve indigent litigants from the costs of pretrial discovery. *See, e.g., Brooks v. Quinn,* 257 F.R.D. 415, 417 (D. Del. 2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); *Augustin v. New Century TRS Holding, Inc.,* No. 08–326, 2008 WL 5114268, at *2-3 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); *Badman v. Stark,* 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); *Toliver v. Community Action Comm'n to Help the Econ.,* 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); *Sturdevant v. Deer,* 69 F.R.D. 17, 19 (E.D. Wis. 1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); *Ebenhart v. Power,* 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery."); *see also Tabron,* 6 F.3d at 159 ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). Thus, as a general rule, the Court lacks the lawful authority to help finance, or relieve Plaintiffs, who are proceeding *in forma pauperis,* from the costs associated with taking pre-trial discovery.

Cir.2005); *Daniels v. Kelchner,* No. 05–1601, 2007 WL 2068631 (M.D. Pa. July 17, 2007). Defendants have represented they are prepared to make the requested discovery available provided Plaintiffs comply with these institutional requirements. Importantly, Defendants have also provided clear instructions as to how Plaintiffs are able to obtain the requested information in accordance with DOC policy. (Doc. 102, at 5). Consistent with Defendants' recommended approach, Plaintiffs shall be able to access their medical records, provided they comply with Department of Corrections procedures for obtaining this information and that they bear the cost for this production. Accordingly, Lopez's motion to compel discovery will be denied.

    C.  MOTION TO STAY DISCOVERY

Plaintiffs move to stay discovery until disposition of their motions for appointment of counsel. The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Shrey v. Kontz,* 4:CV–10–1420, 2011 WL 94416 (M.D.Pa. Jan.11, 2011); citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255, 57 S.Ct. 163, 81 L.Ed. 153 (U.S.1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." 299 U.S. at 254–255. The court must consider four factors in determining whether a stay is appropriate: (1) the length of the requested stay, (2) the hardship that the moving party would face if the stay was not granted, (3) the injury the stay would inflict on the non-moving party, and (4) whether granting a stay would streamline the proceedings by simplifying the issues or promoting judicial economy. *Cunningham v. M & T Bank Corp.*, 1:12–CV–1238, 2014 WL 131652 (M.D.Pa. Jan.14, 2014); citing *Landis*, 299 U.S. at 254–55.

On February 22, 2023, the undersigned granted Defendants' motion to take the deposition of the Plaintiffs. (Doc. 111). Additionally, Plaintiffs have filed a number of discovery requests on the docket, along with the motion to compel discovery addressed *supra*.[2] In considering that the requested length of the stay is limited (only until the resolution of the motion for counsel), that the moving party may be disadvantaged if forced to proceed only to have counsel appointed at a later date, and that there is little prejudice or injury to the defendants as a result of this brief stay, the undersigned finds that judicial economy and efficiency warrant the entry of a stay of discovery, including depositions of the plaintiffs, pending the resolution of the motions to appoint counsel. As such, Plaintiffs' motion (Doc. 120) will be granted.

### III. CONCLUSION

Based on the foregoing, Lopez's motion for leave to file a supplemental new retaliation claim (Doc. 93), and Lopez's motion to compel discovery (Doc. 101) are **DENIED**. Plaintiffs' motion to stay discovery pending resolution of the motions for counsel (Doc. 120) is **GRANTED**. An appropriate Order follows.

                                          **BY THE COURT:**

**Dated: March 13, 2023**                          *s/ Karoline Mehalchick*
                                                      **KAROLINE MEHALCHICK**
                                                       **Chief United States Magistrate Judge**

---

[2] Under the local rules, "[i]nterrogatories, requests for disclosures, requests for documents, requests for admissions, and answers and responses thereto shall be served upon other counsel and parties *but shall not be filed with the court*" unless authorized by the federal or local rules or an order of the Court. L.R. 5.4(b) (emphasis added). In the absence of a contemporaneous motion for relief under the Federal Rules of Civil Procedure, or any other rule or order authorizing filing, these discovery documents are improperly filed. *See* L.R. 5.4(c). Accordingly, the Clerk is **DIRECTED** to **STRIKE** these discovery documents (Doc. 113, 114, 115, 116, 117, 118) from the record.