IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE IVAN LOPEZ, et al., | : | Honorable Christopher C. Connor |
| | : | Honorable MJ Karoline Mehalchick |
| Plaintiff | : | |
| | : | |
| v. | : | No. 3:21-CV-1819 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFFS' RENEWED MOTION FOR APPOINTMENT OF COUNSEL

Procedural History

Plaintiffs, individuals presently sentenced to death and incarcerated by the Commonwealth of Pennsylvania, Department of Corrections at the State Correctional Institution at Phoenix ("SCI-Phoenix") filed a complaint pursuant to 42 U.S.C. § 1983 on October 26, 2021. See Doc. 1. Named as Defendants are former-Secretaries of Corrections John Wetzel, Jeffery Beard, Martin Horn and the Pennsylvania Department of Corrections. Id. Plaintiffs are seeking nominal, compensatory, and punitive damages. Id.

On August 29, 2022, Plaintiffs filed a motion for appointment of counsel and class certification. See Doc. 63. On March 13, 2023, Magisterial Judge Mehalchick issued a Report and Recommendation denying Plaintiffs' request for appointment of counsel. See Doc. 121. On March 31, 2023, Judge Connor adopted the Report and Recommendation for the appointment of counsel. See Doc. 128. On October 4, 2023, Plaintiffs filed a Renewed Motion to Appoint Counsel and Brief in Support

of their Motion. <u>See</u> Docs. 138 and 139. Defendants hereby oppose Plaintiffs' renewed request for appointment of counsel.

<u>Statement of Question Presented</u>

1.      Should Plaintiffs' Renewed Motion for Appointment of Counsel be denied?

Suggested Answer: Yes

<u>Argument</u>

1.      *Plaintiffs' Renewed Motion for Appointment of Counsel should be denied.*

On August 29, 2022, Plaintiffs filed a motion for appointment of counsel and class certification. <u>See</u> Doc. 63. On March 13, 2023, Magisterial Judge Mehalchick issued a Report and Recommendation denying Plaintiffs' request for appointment of counsel. <u>See</u> Doc. 121. On March 31, 2023, Judge Connor adopted the Report and Recommendation for the appointment of counsel. <u>See</u> Doc. 128. On October 4, 2023, Plaintiffs filed a Renewed Motion to Appoint Counsel and Brief in Support of their Motion. <u>See</u> Docs. 138 and 139. For the following reasons, Defendants object to Plaintiffs' motion.

Preliminarily, it is undisputed that Plaintiffs have no constitutional right to counsel in a civil action. In their Renewed Motion for Appointment of Counsel, Plaintiff Lopez is arguing that their circumstances have changed since he is "legally blind" and that without his ability to litigate, all six Plaintiffs have been negatively impacted. <u>See</u> Doc. 139. He is further arguing that this case is complex and the discovery rules in the Middle District of Pennsylvania are too complex to contend with. <u>Id.</u> Furthermore, he is arguing that experts and specialists will be needed, which Plaintiffs cannot afford.

The Third Circuit Court of Appeals has developed a list of criteria to aid district courts in the appointment of counsel for indigent civil litigants. See, Montgomery v. Pinchak, 294 F.3d 492, 498 (3dCir. 2002), Tabron v. Grace, 6 F.3d 147 (3dCir. 1993). "As a threshold matter, a district court must assess whether a claimant's case has some arguable merit in fact and law," and if the claimant overcomes this hurdle, the court should look at a number of factors when assessing a claimant's request for counsel. Id., see also, Tabron, 6 F.3d at 155, Parham v. Johnson, 126 F.3d 454, 457 (3dCir. 1997). The Third Circuit has "cautioned that the courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id.

The other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Montgomery v. Pinchak, 294 F.3d 492 at 499 (3dCir. 2002) (citing Tabron, 6 F.3d at 155-57).

Defendants maintain that Plaintiffs have not established that appointment of counsel is necessary in this matter. Plaintiff Lopez has attached medical documents to support his contention that he is legally blind and his ability to litigate has been impacted. However, according to the medical records provided by Plaintiff Lopez, he has not received a diagnosis of glaucoma (the medical records

indicate that glaucoma is suspected) nor is he receiving medication for glaucoma. See Doc. 138, Exhibit A. At most, Plaintiff Lopez has been recommended artificial tears, (September 20, 2020, ophthalmology report), but the drops have been discontinued as of April 20, 2023 (April 20, 2023, ophthalmology report). Id.

Furthermore, legally, since 1930, blindness has been defined as less than 20/200 vision in the better eye with glasses[1]. The most recent report supplied by Plaintiff Lopez dated April 20, 2023, states his distance acuity is 20/60 and there is no reading with glasses. Id.

Plaintiffs' argument that the case is more complex, especially since the rules of discovery in the Middle District of Pennsylvania are complex and difficult for Plaintiffs' to contend with, is not enough to establish the right to counsel. Plaintiffs in this matter have demonstrated that they are able to engage in discovery, as they have sent requests for admissions, interrogatories and production of documents to Defendants. They have engaged with SCI-Phoenix staff to obtain their medical records, as well as grievance records. (See attached Exhibit A, Staff Request Slip of Plaintiff Lopez). Furthermore, Plaintiff Poplawski has notified undersigned counsel that he would not respond to multiple requests for interrogatories because the documents sent to him do not strictly conform to Middle District Local Rule 33.1. (See Exhibit B).

---

[1] https://medical-dictionary.thefreedictionary.com/legally+blind. Visited on October 10, 2023.

Finally, with regards to the argument that specialists and experts will be needed, Plaintiffs have not raised any new arguments, which this Court rejected in adopting the Report and Recommendation. See Doc. 128. While Plaintiffs may feel that experts and specialists are needed, Third Circuit precedent cannot be read as requiring appointment of counsel in every case in which expert testimony may be warranted. Lasko v. Watts, 373 Fed.Appx. 196, 202 (3d.Cir 2010).

Conclusion

Defendants respectfully request that the Court deny Plaintiffs' Renewed Motion for Appointment of Counsel.

Respectfully submitted,

Office of General Counsel

*Kim Adams*

_____

Kim Adams, Assistant Counsel
Attorney ID No.: 205848
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: kimbadams@pa.gov

Date:  October 10, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE IVAN LOPEZ, et al.,     :  Honorable Christopher C. Connor
                      :  Honorable MJ Karoline Mehalchick
       Plaintiff       :
                      :
     v.             :  No. 3:21-CV-1819
                      :
JOHN WETZEL, et al.,        :
                      :
       Defendants    :  Filed Via Electronic Case Filing

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing filing was served upon George Lopez (CZ3198), Darien Houser (GC7509), Gerald Watkins (DD5212), Ralph Stokes (AY9034) and Richard Poplawski (KB7354) at Smart Communications/PA DOC, SCI Phoenix, PO Box 33028, St. Petersburg, FL 33733.

Jose Uderra
687 E. Philadelphia Street
York, PA 17403


                            ___/s/ Angela Basehore_____
                            Angela Basehore
                            Legal Assistant I

Date:  October 10, 2023

Exhibit A

*Exhibit*

*Case No# 3:21-cv-1819-*

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>*Grievance Coordinator MS Orlando* | 2. Date:<br>*6/30/2023* |
| 3. By: (Print Inmate Name and Number)<br>*G Lopez, CZ 3198*<br><br>_____<br>Inmate Signature | 4. Counselor's Name:<br>*Mr. Neri*   Superintendent's Office<br>SCI Phoenix |
| | 5. Unit Manager's Name:   JUL 03 2023<br>*Lisa Durand*  **Received** |
| 6. Work Assignment:<br>*Inmate Legal Aid/Paralegal* | 7. Housing Assignment:<br>*PBLK B-1033* |

8. Subject: State your request completely but briefly. Give details.

*Ms. Orlando by Now I'm sure you have heard from The DOC Counsel Ms. Kim Adam, Approving for me To Ascertain copies of old filed Grievance below you will find The Number*

| "Condition" | Dated | "S.C.I" | condition | Dated | SCI |
|---|---|---|---|---|---|
| 1. 296554 ? | 11-13-2009 | ("Greene Court) | 597036 | | Greene |
| 2. 298365 ? | 12-3-2009 | (" Greene county) | 657712 | | Greene |
| 3. 340552 ? | 10-27-2010 | ("Greene County) | 708435 | | Greene |
| 4. 350746 ? | 1-18-2011 | ("Greene county) | 857688 | | PHX |
| 5. 361711 ? | 4-13-2011 | ("Greene County) | | | |
| 6. 368870 ? | 6-10-2011 | (" Greene county) | | | |
| 7. 466422 ? | 7-1-2013 | (" " " ) | | | |
| 8. 790328 GRN | 12-23-2013 | ( " " " ) | | | |

*cc-File*

9. Response: (This Section for Staff Response Only)

*857688 - this is your 1st time requesting copies of older grievances. Please know that we don't keep copies of grievances from other institutions. Also, due to Records Retention, we are only required to keep 5 years of grievances. You will need to contact SCI Greene for those grievance not at PHX. I can assist you with grievance #857688, however you will need to provide a cash slip as copies are $.35 for each printed page side. TY*

To DC-14 CAR only ☐          To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME  *G. Orlando* _____   _____   DATE *7/5/2023*
                                    Print                              Signature

Exhibit A

Re: 3:21-CV-1819        Exhibit

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

| | INSTRUCTIONS |
|---|---|
| | Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

Superintendent's Office
SCI Phoenix

JUL 0 5 2023

**Received**

| 1. To: (Name and Title of Officer) Grievance Coordinator Ms. Orlando | 2. Date: 7/5/23 |
|---|---|
| 3. By: (Print Inmate Name and Number) George Lopez CZ-3198 | 4. Counselor's Name: MR. Neri |
| _____ Inmate Signature | 5. Unit Manager's Name: Ms. Lisa Duremy |
| 6. Work Assignment: ILRU | 7. Housing Assignment: P Blk B-1033 |

8. Subject: State your request completely but briefly. Give details.

Mrs. Orlando, ma'am, I'm sure by Now Doc cansel Ms. Kim Adams have Contorted you. Regarding some Grievances (Discovery Material).

Grievance No.#

"Condition of confinement"           "Condition of Confinement"

1. 490324 (Greene)          11. 466922 ("Greene")
2. 504910 (Greene)          12. 490324 ("Grievance")
3. 50744 (Greene)           13. 597036 (" Green ")
4. 529908 (Greene)          14. 621607 (" Greene")
5. 296559 ( " " )           15. 657712 (" Greene")
6. 298365 ( " " )           16. 708735 (" Greene")
7. 340552 ( " " )           17. 708935 (Greene')
8. 380746 ( " " )           18. 857686 ("Phoenix") —# not assigned to you.
9. 361711 ( " " )           19. 983961 ("Phoenix")
10. 368820 ( " " )          20. 959469 (" Phoenix")

9. Response: (This Section for Staff Response Only)

Again, I cannot provide you with the grievances from SCI Greene. It would be better for you to request these grievances from your DC-15 in Inmate Records. I can assist you with 988961 and 959469; 857686 is not assigned to you. Please submit a cash slip, as copies are 25¢ per page side. TY (2nd Request)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

STAFF MEMBER NAME G. Orlando _____ Print _____ Signature _____ DATE 7/5/2023

*(left margin, vertical text)* Discovery Material Request

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **George Lopez** et al., | : | No. 21-CV-1819 |
| Plaintiffs, | : | (Hon. Karoline Mehalchick, M.J.) |
| v. | : | (Hon. Christopher C. Conner, D.J.) |
| **John Wetzel** et al., | : | |
| Defendants. | : | § 1983 Civil Action |

## Plaintiff Poplawski's Response
## to First and Second Sets of Interrogatories

Upon further research, I have determined that your interrogatories have not been properly served or prepared in strict compliance with Middle District Local Rule 33.1.

Respectfully submitted,

**Richard A. Poplawski**
SCI Phoenix, #KB7354
1200 Mokychic Drive
Collegeville, PA 19426

9/17/23
Date

---

**Certificate of Service**

I hereby certify that I have served a copy of this response on counsel for the defendants, via first-class U.S. Mail (prepaid), at the following address:

Kim Adams, Esq.
PADOC Office of General Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050