IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE LOPEZ, et al., | : | Civil No. 3:21-CV-1819 |
| | : | |
| Plaintiffs | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| JOHN WETZEL, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a *pro se* prisoner civil rights action brought by six inmates held by the Department of Corrections challenging what they allege was unconstitutionally prolonged and severe solitary confinement by corrections staff. (Doc. 1). According to the plaintiffs they have suffered severe emotional and psychological injuries due to this prolonged solitary confinement. (Id.) On November 10, 2023, this case was referred to the undersigned for case management.

Upon review, we noted that there were a number of motions pending in this case, including an August 30, 2023 motion filed by the defendants to compel one inmate plaintiff, Darien Houser, to submit to a second deposition. (Doc. 133). According to the defendants:

> During the discovery process, Defendants were granted leave to depose Plaintiff. *See Document No. 111*. Plaintiff was notified of the date of his deposition was to be August 17, 2023. See, Exhibit A. Undersigned counsel, Plaintiff, and the stenographer appeared by Zoom for the deposition on August 17, 2023. Before the deposition began, Plaintiff indicated that per his criminal defense attorney, Elizabeth McHugh of the Federal Public Defenders Office for the Eastern District of Pennsylvania, he was to ask for a continuance because she wanted to be present for the deposition. *See,* Exhibit B, Deposition Transcript, page 7, dated August 24, 2023. Plaintiff indicated his criminal defense attorney wanted to be involved because the deposition involved his mental health, which is an issue in his pending PCRA. *Id.*, at pp. 7 – 10. When asked if he would answer questions related to his mental health allegations that he put forth in the Compliant, Plaintiff indicated that his attorney advised him not to deal with that unless one of them were present. *Id*. at p. 10.

(Doc. 134 at 2).

Given Houser's refusal to answer questions regarding his mental state, an issue which lies at the heart of his complaint, the defendants sought to compel Houser to submit to a second deposition and to direct him to answer relevant questions. (Doc. 133).

Houser has not responded to this motion to compel and the time for response has now passed. In the absence of any response by Houser the motion will be deemed unopposed. Moreover, we agree that it is "well settled that 'when a party places [his] mental status at issue in litigation, [he] waives'" claims of privilege with respect to these relevant mental health issues. Lopez v. CSX Transp., Inc., No. CIV.A. 3:14-257, 2015 WL 5971682, at *6 (W.D. Pa. Oct. 14, 2015) (collecting cases). Houser's complaint places his mental health directly at issue in this litigation. Therefore, he

may not assert broad claims of privilege over these relevant lines of inquiry and refuse to answer these questions.

Accordingly, IT IS ORDERED that the defendants' motion to compel, (Doc. 133) is GRANTED, in part, as follows:

The plaintiff Darien Houser is ORDERED to submit to another deposition. Plaintiff is ORDERED to answer all non-privileged questions posed to him. Since Plaintiff has placed his mental health at issue in this matter, he cannot claim privilege regarding relevant questions concerning his mental health. Failure to answer relevant questions may result in an adverse inference being drawn against Houser in this case, or the imposition of other sanctions. Only counsel who have entered an appearance in this civil litigation may participate in this deposition. Given the plaintiff's *in forma pauperis* status, the request to shift the costs of the deposition to the plaintiff is DENIED without prejudice to renewal of this request if necessary following the second deposition.

So ordered this 28th day of November 2023.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge