IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE LOPEZ, et al., | : | Civil No. 3:21-CV-1819 |
| | : | |
| Plaintiffs | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| JOHN WETZEL, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a *pro se* prisoner civil rights action brought by six inmates held by the Department of Corrections challenging what they allege was unconstitutionally prolonged and severe solitary confinement by corrections staff. (Doc. 1). According to the plaintiffs they have suffered severe emotional and psychological injuries due to this prolonged solitary confinement. (Id.) On November 10, 2023, this case was referred to the undersigned for case management.

Upon review, we noted that there were a number of motions pending in this case, including a motion filed by inmate Lopez which seeks leave of court pursuant to Rule 30 of the Federal Rules of Civil Procedure to conduct depositions of three defendants in this litigation—three of the prior Secretaries of the Department of Corrections.

Our consideration of this request begins with the following observations:

> [W]e note that, under Rule 30, rulings on inmate requests to conduct oral depositions rest in the sound discretion of the Court. That discretion, though, is guided by a basic recognition of the security and logistical difficulties that such depositions present. McKeithan v. Jones, 212 F.App'x 129 (3d Cir.2007). However, in light of these logistical and security concerns, it is often preferable for inmates to seek discovery through timely written depositions pursuant to Rule 31 of the Federal Rules of Civil Procedure. . . . Given these alternative means of obtaining discovery, and the obvious security and logistical concerns presented by inmate oral depositions, it has been held that the proper exercise of discretion in this field often entails denial of inmate requests for orders compelling oral depositions, in favor of Rule 31 depositions on written questions. McKeithan v. Jones, 212 F. App'x 129 (3d Cir.2007).

Williams v. Gavins, No. 1:13-CV-387, 2014 WL 4185652, at *3 (M.D. Pa. Aug. 21, 2014).

We further note with respect to this request that Lopez must bear the costs of any deposition since "numerous courts within and without the Third Circuit have recognized the limitations of federal courts to relieve indigent litigants from the costs of discovery or litigation of claims." Moore v. Mann, No. 3:13-CV-2771, 2017 WL 4573741, at *1 (M.D. Pa. Oct. 13, 2017) (collecting cases). Further, in the event that Lopez wished to pursue depositions through written questions as provided for by Rule 31 he must comply with all of the requirements of the rule in terms of service of questions, appointment of an officer to conduct the deposition, and the manner of conducting the deposition. In this regard, we note for Lopez that:

The deposition upon written questions procedure may sound like an inexpensive way for a prisoner to do discovery but usually is not. A deposition upon written questions is covered by Rule 31 of the Federal Rules of Civil Procedure. The deposition upon written questions basically would work as follows. The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness. When all the questions-without any answers-are ready, the prisoner would send them to the deposition officer and the officer would take the deposition of the witness. (The deposition officer can be any person authorized by law to administer oaths, *see* Fed.R.Civ.P. 28(a), such as a notary public and need not be a court employee.) The questions are read by the deposition officer, the responses are reported by a court reporter and the transcript is prepared as it would be for an oral deposition. The deposition officer does not stray from the written script of questions and asks only those questions that are on the list from the prisoner and defendant. To depose a non-party on written questions, that witness must be subpoenaed. To obtain a deposition upon written questions, the prisoner thus has to pay the witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings. The procedure is not much cheaper than an oral deposition unless there are substantial travel expenses that would be incurred to bring the witness to the prisoner or the prisoner to the witness. In addition to the cost, the evidence-gathering ability in such a deposition is quite limited. The requirement that the questions all be written and shared in advance means that there is no opportunity for follow-up questions when a witness makes a statement that is unexpected. Poorly worded questions will often result in useless answers-a problem that makes procedure particularly difficult for an unrepresented litigant.

Eggleston v. Mitchell, No. 1:12-CV-1220, 2013 WL 5351053, at *5–6 (M.D. Pa. Sept. 23, 2013) quoting Lopez v. Horel, C 06–4772 SI PR, 2007 WL 2177460 (N.D.Cal. July 27, 2007) aff'd, 367 F. App'x 810 (9th Cir.2010).

Accordingly, in the exercise of our discretion IT IS ORDERED that Lopez's motion to compel Rule 30 depositions of three defendants in this litigation—three of the prior Secretaries of the Department of Corrections, (Doc. 147), is DENIED without prejudice to the submission of a request to conduct depositions by written questions pursuant to Rule 31, provided that motion complies with all of the requirements of Rule 31.

So ordered this 28th day of November 2023.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge