IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE LOPEZ, et al., | : | Civil No. 3:21-CV-1819 |
| | : | |
| Plaintiffs | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| JOHN WETZEL, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

**MEMORANDUM ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a *pro se* prisoner civil rights action brought by six inmates held by the Department of Corrections challenging what they allege was unconstitutionally prolonged and severe solitary confinement by corrections staff. (Doc. 1). According to the plaintiffs they have suffered severe emotional and psychological injuries due to this prolonged solitary confinement. (Id.) However, a review of the plaintiffs' complaint reveals that these alleged instances of solitary confinement occurred at different places and times over the past two decades. (Id.) Thus, factually these six plaintiffs have claims that involve disparate acts and actors.

On November 10, 2023, this case was referred to the undersigned for case management. Upon review, we noted that there were a number of motions pending in this case, including a motion signed by one plaintiff, George Lopez, who purports

to speak on behalf of two other plaintiffs, Richard Poplawski and Gerald Watkins. (Doc. 135). In this motion these three inmate plaintiffs now seek to sever their case from the complaints of plaintiffs Darien Houser, Ralph Stokes, and Jose Uderra. (Id.) The defendants have taken no position with respect to this motion, "as it appears to be a dispute between the Plaintiffs." (Doc. 154). However, there is no indication that Uderra, Houser and Stokes were served with a copy of this pleading filed by their erstwhile co-plaintiffs. Moreover, it is unclear if inmates Richard Poplawski and Gerald Watkins concur in Lopez's motion to sever parties. Therefore, we are unclear regarding the position of all of these other plaintiffs on this request.

This motion highlights a number of the difficulties, challenges, and perils inherent in multi-plaintiff *pro se* litigation. At the outset, we note that there are significant questions concerning whether these plaintiffs are properly joined in a single complaint, since their periods of alleged solitary confinement took place at different times and places and involved actions by diverse and disparate actors. Under Rule 20 of the Federal Rules of Civil Procedure joinder of plaintiffs is only proper in the following circumstances:

> **(a) Persons Who May Join or Be Joined.**
> **(1) *Plaintiffs*.** Persons may join in one action as plaintiffs if:
> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and
> **(B)** any question of law or fact common to all plaintiffs will arise in the action.

F.R. C. P. Rule 20(a)(1).

In the instant case, while there are in general terms common questions with respect to these prolonged confinement claims, it is entirely unclear whether the six individual claims arise out of the same transaction, occurrence, or series of transactions since they involve disparate events committed by diverse actors at different places and times.

In addition, this motion, which is signed by one inmate plaintiff, but purports to seek relief on behalf of two other inmates, highlights a further challenge in multi-plaintiff *pro se* litigation. It is well-settled "that a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates." Alexander v. New Jersey State Parole Bd., 160 F. App'x 249, 250 (3d Cir. 2005). Yet, in the instant motion Lopez purports to act on behalf of himself and two other inmates, and requests that three of his erstwhile former co-plaintiffs be jettisoned from the lawsuit and compelled to litigate separate complaints. Moreover, while Lopez seeks this relief on his behalf and on behalf of two other inmates, it is unclear whether Lopez has notified any of his co-plaintiffs of this request.

Because Lopez may not seek relief on behalf of other prisoner plaintiffs this motion is procedurally inappropriate. Accordingly, IT IS ORDERED as follows:

First, Lopez's *pro se* motion to sever plaintiffs, (Doc. 135), which improperly seeks relief on behalf of other inmates is DENIED without prejudice.

Second, all of the individual plaintiffs are directed to individually show cause on or before **December 18, 2023**, why their separate claims should not be severed into separate and distinct complaints.

So ordered this 28th day of November 2023.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
