# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE LOPEZ, et al.,** | : | **Civil No. 3:21-CV-1819** |
| | : | |
| **Plaintiffs** | : | |
| | : | **(Judge Conner)** |
| **v.** | : | |
| | : | |
| **JOHN WETZEL, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a *pro se* prisoner civil rights action brought by six inmates held by the Department of Corrections challenging what they allege was unconstitutionally prolonged and severe solitary confinement by corrections staff. (Doc. 1). On November 10, 2023, this case was referred to the undersigned for case management.

Upon review, we noted that there were a number of motions pending in this case, including two motions filed by an inmate plaintiff, George Lopez, requesting an appointment of counsel in this case. (Docs. 138, 162). In considering these motions we acknowledge that we do not write upon a blank slate. Quite the contrary, Lopez previously sought the appointment of counsel, but that request was denied by the court. (Doc. 128).

While we appreciate the plaintiff's on-going interest in securing court-appointed counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such requests we must first:

> [D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457.   There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the United States Court of Appeals for the Third Circuit has aptly observed:

2

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). Mindful of this consideration it has been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . ..  Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, appointment of counsel would be premature since we have not had the opportunity to fully consider the threshold factor we must examine: the arguable merits of the plaintiff's claims. In any event, the issues in this case appear to be discrete and well-known to

3

the plaintiff. Further, while we appreciate that the plaintiff reports a history of glaucoma, he has thus far shown the visual, mental, and legal acuity to litigate his claims.

In addition, we note that Lopez's latest motion for appointment of counsel, (Doc. 162), suggests that he seeks to have counsel appointed to aid him in conducting discovery. Thus, Lopez's latest request appears to be premised at least in part on the notion that appointed counsel could enable him to avoid some of the costs of pretrial discovery. If this is the basis for Lopez's request, that request fails since we have held that:

> [T]o the extent that [an inmate *pro se* plaintiff] seeks to have counsel appointed in order to shift the costs of discovery to counsel or some other party, the request fails since nothing in 28 U.S.C. § 1915 authorizes federal courts to finance or pay for a party's discovery expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Review of the case law reveals that numerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of pre-trial discovery. See, e.g., Brooks v. Quinn, 257 F.R.D. 515, 417 (D.Del.2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses.... It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); Augustin v. New Century TRS Holding, Inc., No. 08–326, 2008 U.S. Dist. LEXIS 96236, at *7– 9, 2008 WL 5114268 (W.D.Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); Badman v. Stark, 139 F.R.D. 601, 605 (M.D.Pa.1991) ( 28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F.Supp. 1070, 1072 (S.D.N.Y.1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D.Wis.1975) (concluding that 28 U.S.C. § 1915 "does not extend to

the cost of taking and transcribing a deposition."); <u>Ebenhart v. Power</u>,
309 F.Supp. 660, 661 (S.D.N.Y.1969) ("Grave doubts exist as to
whether [28 U.S.C. § 1915] authorizes this court to order the
appropriation of Government funds in civil suits to aid private litigants
in conducting pre-trial discovery."); <u>see also Tabron v. Grace</u>, 6 F.3d
147, 159 (3d Cir.1993) ("There is no provision in [28 U.S.C. § 1915]
for the payment by the government of the costs of deposition
transcripts, or any other litigation expenses, and no other statute
authorizes courts to commit federal monies for payment of the
necessary expenses in a civil suit brought by an indigent litigant.").

Thus, as a general rule, the Court lacks the lawful authority to help
finance, or relieve plaintiff from, the costs associated with taking pre-
trial discovery, and we cannot appoint counsel simply for the purpose
of shifting these discovery costs.

<u>Ballard v. Williams</u>, No. 3:10-CV-1456, 2013 WL 5291109, at *4 (M.D. Pa. Sept.

18, 2013) <u>See</u> <u>Johnson v. DeRose</u>, No. 1:09-CV-267, 2010 WL 3218595, at *1

(M.D. Pa. Aug. 12, 2010).

Finally, one other factor cautions against appointment of counsel at this time.

The docket current reflects a degree of representational chaos in this case, with

Lopez filing *pro se* motions that purport to seek relief effecting fellow plaintiffs.

This is highly problematic since it is well-settled "that a prisoner proceeding *pro se*

may not seek relief on behalf of his fellow inmates." <u>Alexander v. New Jersey State</u>

<u>Parole Bd.</u>, 160 F. App'x 249, 250 (3d Cir. 2005). In fact, several of Lopez's co-

plaintiffs have lodged objections to his filings. (Docs. 164, 165). Accordingly, we

have ordered all of the individual plaintiffs to show cause on or before <u>December</u>

<u>18, 2023</u>, why their separate claims should not be severed. (Doc. 160).

In our view any decision regarding the appointment of counsel should await a decision regarding the scope and nature of this representation, and should await resolution of the question of whether these claims should be severed.

## **ORDER**

Therefore, for the forgoing reasons and in light of the current status of this litigation, IT IS ORDERED  that the motions for appointment of counsel filed by Lopez, (Docs. 138, 162) are DENIED at this time without prejudice to re-examining this issue at the request of the plaintiff, or *sua sponte*, as this litigation progresses.

So ordered this 11th day of December 2023.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge