IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE IVAN LOPEZ, et al., | : | Honorable Christopher C. Connor |
| | : | Honorable MJ Martin Carlson |
| Plaintiff | : | |
| | : | |
| v. | : | No. 3:21-CV-1819 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

BRIEF IN OPPOSITION TO PLAINTIFF HOUSER'S
MOTION TO COMPEL DISCOVERY

Relevant Procedural History

Plaintiff, Darien Houser, is a death-sentenced prisoner presently incarcerated by the Commonwealth of Pennsylvania, Department of Corrections ("the Department"), at the State Correctional Institution at Phoenix ("SCI-Phoenix"). On October 26, 2021, Plaintiff, with five other inmates, filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of their rights under the Eighth and Fourteenth Amendments, as well as the Americans with Disabilities Act ("ADA"). See Doc. 1. As Defendants the Plaintiffs have named Former-Secretaries of Corrections John Wetzel, Jeffery Beard, and Martin Horn and the Pennsylvania Department of Corrections. Id.

On December 29, 2022, all of the Plaintiffs, including Plaintiff Houser, filed a Motion to Compel Discovery, requesting Defendants produce the requested documentation within thirty days. See. Doc. 101. Defendants responded to the Motion to Compel on January 4, 2023. See. Doc. 102. The Court denied Plaintiffs'

Motion to Compel on March 13, 2023. See. Doc. 122. Discovery has been ongoing in this matter since February of 2023. See. Doc. 108.

On December 11, 2023, Plaintiff Houser filed a Consolidated Motion to Compel Discovery/Psychiatric and Medical Records and a Response to the Court's Memorandum. Plaintiff Houser is seeking this Court compel Defendants to provide him with copies of his psychiatric and medical records, including records that reflect medications that were issued to Plaintiff during the time period of March of 2004 to present. Alternatively, Plaintiff Houser asks this Court to appoint counsel if Defendants refuse to provide the requested discovery.

Statement of Alleged Facts

Plaintiff Houser contends he suffers from a variety of medical and mental health disorders. See Doc. 1, ¶ 90-144. Plaintiff Houser further alleges he was held in solitary confinement under harsh conditions that include a small cell, constant illumination, lack of social interaction, lack of visitation, lack of educational services, lack of organized recreational activities, etc. See Doc. 1 at ¶¶22-64. Plaintiff Houser avers that as a result of his medical and mental disorders in combination with the harsh conditions caused him to experience significant physical pain and exasperated medical and mental issues. Id. Plaintiff contends that the harsh conditions endured in solitary confinement lasted until December 3, 2019, when the Department implemented a new policy that repositioned the environment of the CCU ("Capital Case Unit"). Id at ¶ 65.

There are two claims remaining based upon Plaintiff Houser's allegations of long-term confinement in the "CCU". First, that the alleged prolonged solitary confinement violated the Eighth Amendment prohibition against cruel and unusual punishment. Id. at ¶¶ 167-181. Second, that the alleged prolonged solitary confinement violated the American with Disabilities Act ("ADA") and the Rehabilitation Act. Id. at ¶¶ 192-209.

Statement of the Question Presented[1]

1. Should This Court deny Plaintiff Houser's Motion to Compel because the Defendants have provided a sufficient response to his discovery request?

Argument

1. This Court should deny Plaintiff Houser's Motion to Compel because the Defendants have provided a sufficient response to his discovery request

As a preliminary matter, the only discovery request Defendants have received from Plaintiff Houser was a letter sent on February 8, 2022, on behalf of all six Plaintiffs, to counsel requesting "any and all medical and medical health records, misconducts, grievances, and SOAP notes, psychology/psychiatric reports." See. Doc. 104-1, at 1. Despite discovery being ongoing since February of 2023, Plaintiff Houser has not made any specific requests to Defendants for discovery, yet he files this Motion to Compel.

Furthermore, Plaintiff Houser has failed to comply with Rule 37(a)(1) prior to filing this Motion to Compel. Fed.R.Civ.P. 37. Namely, Plaintiff Houser's Motion does not include a "certificate that the movant in good faith conferred or attempted

---

[1] It is respectfully requested that the question presented be answered in the affirmative.

to confer" with Defendants in an effort to obtain the requested information absent Court intervention.

With respect to the merits of the Motion, Defendants maintain the requested information contained with Plaintiff Houser's Motion to Compel, namely his psychiatric and mental health records, are all records that are maintained by the Department. These records are available for inspection and copying, pursuant to Department Policy and Federal Rule of Civil Procedure Rule 34 from a more convenient source – namely the institution in which Plaintiff is currently housed. On December 29, 2022, Defendants sent Plaintiff a letter indicating the medical and medical health records; misconducts; grievances; and SOAP notes, psychology/psychiatric notes could be obtained from the institution pursuant to DC-ADM 003 and Federal Rules of Civil Procedure 34. See. Doc. 102-1, page 2.

Furthermore, on page 26 of the inmate handbook, inmates are informed, "[y]ou may request access to information maintained in your file by sending a DC-135A, Inmate Request to Staff member, to the appropriate staff member. Furthermore, DC-ADM 003[2] lists the information that is available and the appropriate staff member to ask." See. Doc. 102-2. With regards to medical records and psychology/psychiatry records, Plaintiff Houser's medical records are available for inspection and copying pursuant to policy, through a more convenient source, namely the institution in which he is currently housed in.

---

[2] Department policies can be found at www.cor.pa.gov.

On March 13, 2023, the Court addressed the December 2022 Motion to Compel filed by all six Plaintiffs, specifically addressing medical and psychiatric records of the Plaintiffs. See. Doc. 122. The Court found that "compliance with the prison regulations is a fitting and proper procedure for Plaintiffs to follow in securing access to these medical records. Indeed, in this regard [the court notes] that courts have frequently directed or encouraged inmates to comply with reasonable institutional procedures when securing copies of their own prison medical records for litigation purpose." Lopez et al. v. Wetzel et al., No. 3:21-cv-1819-CCC, Doc. 122, filed March 13, 2023, citing, Bull v. United States, 143 F. App'x 468 (3d. Cir.2005); Daniels v. Kelchner, No. 05-1601, 2007-WL 2068631 (M.D. Pa. July 17, 2007).

Defendants have made the medical and psychiatric records for each Plaintiff, including Plaintiff Houser, available for inspection and copying. Undersigned counsel is aware that at least three of the Plaintiffs in this matter have reviewed their medical and psychiatric records and obtained copies[3]. Plaintiff Houser has not alleged that he attempted to access his medical or psychiatric records.

Therefore, Plaintiff Houser's motion to compel discovery of his medical and psychiatric records should be denied. Furthermore, Plaintiff Houser's request for

---

[3] As the Court noted in its March 13, 2023 Memorandum, nothing in 28 U.S.C. § 1915 authorizes federal courts to finance or pay for a party's discovery expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed *in formula pauperis* under 28 U.S.C. § 1915(a). Lopez et al. v. Wetzel et al., No. 3:21-cv-1819-CCC, Doc. 122, filed March 13, 2023.

5

appointment of counsel as an alternative should be denied since the Court denied the appointment of counsel for the Plaintiffs on December 11, 2023. <u>See</u>. Doc. 166.

## Conclusion

Wherefore, it is respectfully requested that This Court deny Plaintiff Houser's Motion to Compel.

                              Respectfully submitted,

                              Office of General Counsel

                              *Kim Adams*

                              Kim Adams, Assistant Counsel
                              Attorney ID No.: 205848
                              Pennsylvania Department of Corrections
                              1920 Technology Parkway
                              Mechanicsburg, PA 17050
                              Phone No.: (717) 728-7763
                              Fax No.: (717) 728-0307
                              E-mail: kimbadams@pa.gov

Date: December 18, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE IVAN LOPEZ, et al., | : | Honorable Christopher C. Connor |
| | : | Honorable MJ Karoline Mehalchick |
| Plaintiff | : | |
| | : | |
| v. | : | No. 3:21-CV-1819 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

CERTIFICATE OF SERVICE

I hereby certify that the foregoing filing was served by First Class mail upon:

Darien Houser (GL7509)
Smart Communications/PA DOC
SCI Phoenix
PO Box 33028
St. Petersburg, FL 33733


　　　　　　　　　　　　　　　　　　/s/ *Kim Adams*
　　　　　　　　　　　　　　　　　　Kim Adams

Dated:  December 18, 2023