IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE LOPEZ, et al., | : | Civil No. 3:21-CV-1819 |
| | : | |
| **Plaintiffs** | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| JOHN WETZEL, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I.  Factual Background and Procedural History

The instant case comes before us for consideration of the question of whether the distinct claims of the six *pro se* inmate plaintiffs, which are currently consolidated in a single complaint, should be severed. This question comes before us set against the backdrop of an increasingly muddled and acrimonious procedural posture in which the various *pro se* plaintiffs are in open disagreement with one another, and some inmate plaintiffs are improperly purporting to speak on behalf of other plaintiffs. Given this backdrop, for the reasons set forth below, we recommend severance of these claims.

This is a *pro se* prisoner civil rights action brought by six inmates held by the Department of Corrections challenging what they allege was unconstitutionally prolonged and severe solitary confinement by corrections staff. (Doc. 1). According

to the plaintiffs, they have suffered severe emotional and psychological injuries due to this prolonged solitary confinement. (Id.) However, a review of the plaintiffs' complaint reveals that these alleged instances of solitary confinement occurred at different places and times over the past two decades. (Id.) Further, the complaint asserts that each individual prisoner plaintiff suffered from distinct emotional impairments which were exacerbated in different ways by their confinement. (Id.) Thus, factually, these six plaintiffs have claims that involve disparate acts and actors which have had different and distinct impacts upon their lives.

On November 10, 2023, this case was referred to the undersigned for case management. Upon review, we noted that there were a number of motions pending in this case, including a motion signed by one plaintiff, George Lopez, who purported to speak on behalf of two other plaintiffs, Richard Poplawski and Gerald Watkins. (Doc. 135). In this motion, these three inmate plaintiffs sought to sever their case from the complaints of plaintiffs Darien Houser, Ralph Stokes, and Jose Uderra. (Id.)

The defendants took no position with respect to this motion, "as it appears to be a dispute between the Plaintiffs." (Doc. 154). However, there was no indication that Uderra, Houser and Stokes were served with a copy of this pleading filed by their erstwhile co-plaintiffs. Moreover, it was uncertain if inmates Richard Poplawski and Gerald Watkins concurred in Lopez's motion to sever parties. Therefore, we were unclear regarding the position of all of these other plaintiffs on this request.

Recognizing that this motion highlighted a number of the difficulties, challenges, and perils inherent in multi-plaintiff *pro se* litigation, on November 28, 2023, we entered an order which denied the *pro se* motion to sever plaintiffs, (Doc. 135), without prejudice and directed the plaintiffs to individually show cause on or before **December 18, 2023**, why their separate claims should not be severed into separate and distinct complaints. (Doc. 160).

This deadline has now passed, and we have received some partial responses to this order, responses which highlight the burgeoning procedural chaos and discord which the current collective *pro se* litigation creates. Specifically, two of these inmate plaintiffs—Darien Houser and Ralph Stokes—have objected to inmate Lopez's plan to unilaterally jettison them from this collective lawsuit. (Docs. 164 and 165). For his part, inmate Lopez has filed a response which decries the lack of assistance and cooperation from his co-plaintiffs. Purporting then to speak on his own behalf, and on behalf of inmates Richard Poplawski and Gerald Watkins, Lopez agrees to the severance of these six cases. (Doc. 170). Lopez also reports that the defendants intend to file separate summary judgment motions as to each plaintiff, in apparent recognition of the distinct nature of their claims. (<u>Id.</u>) The final *pro se* plaintiff, inmate Uderra, has not responded to this court order.

Given this procedural posture, we recommend that the increasingly discordant claims of these six inmate plaintiffs be severed.

**II.     Discussion**

In our view, a combination of considerations weighs in favor of the severance of these six *pro se* prisoner claims at this time. At the outset, we note that there are significant questions concerning whether these plaintiffs are properly joined in a single complaint, since their periods of alleged solitary confinement took place at different times and places and involved actions by diverse and disparate actors. Under Rule 20 of the Federal Rules of Civil Procedure joinder of plaintiffs is only proper in the following circumstances:

> **(a) Persons Who May Join or Be Joined.**
> **(1) *Plaintiffs.*** Persons may join in one action as plaintiffs if:
> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and
> **(B)** any question of law or fact common to all plaintiffs will arise in the action.

F.R. C. P. Rule 20(a)(1) (emphasis added).

In the instant case, while there are, in general terms, common questions with respect to these prolonged confinement claims, it seems apparent that the six individual claims do not arise out of the same transaction, occurrence, or series of transactions since they involve disparate events committed by diverse actors at different places and times.

In addition, the current procedural posture of this case, in which one inmate plaintiff, George Lopez, purports to act and seek relief on behalf of other inmates,

4

highlights a further challenge in multi-plaintiff *pro se* litigation. It is well-settled "that a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates." Alexander v. New Jersey State Parole Bd., 160 F. App'x 249, 250 (3d Cir. 2005). Yet, in the instant case, Lopez purports to act on behalf of himself and at least two other inmates, and requests that three of his erstwhile former co-plaintiffs be jettisoned from the lawsuit and compelled to litigate separate complaints. Moreover, while Lopez seeks this relief on his behalf and on behalf of two other inmates, it is unclear whether Lopez has notified any of his co-plaintiffs of this request. Given the apparent discord between these *pro se* litigants, their continued joint participation in a single lawsuit is unwise and inappropriate.

Given this cascading array of concerns, severance of these claims into six separate lawsuits is also justified under Rule 21 of the Federal Rules of Civil Procedure, which provides that: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In this regard it is well settled that:

> [A] district court has broad discretion in deciding whether to sever a party or claim pursuant to Rule 21. Although Rule 21 is most commonly invoked to sever parties improperly joined under Rule 20, "the Rule may also be invoked to prevent prejudice or promote judicial efficiency." Lopez v. City of Irvington, No. 05-CV-5323, 2008 WL 565776, *2 (D.N.J. Feb. 28, 2008); see also Sporia v. Pennsylvania Greyhound Lines, Inc., 143 F.2d 105 (3d Cir. 1944) (not limiting Rule 21 severance to cases of misjoinder); Wyndham Assoc. v. Bintliff, 398 F.2d 614 (2d Cir. 1968) (same), cert. denied, 393 U.S. 977 (1968); Rohr v. Metropolitan Ins. & Cas. Co., No. 06-CV-10511, 2007 WL 163037

(E.D. La. Jan. 17, 2007) (court may also consider whether jury confusion would result from the volume of evidence if the plaintiffs were joined); 4 James Wm. Moore et al., Moore's Federal Practice § 21.02(1) (3d ed.2007) (courts may issue severance orders under Rule 21, even in the absence of misjoinder and non-joinder of parties, "to construct a case for the efficient administration of justice").

Molina v. Kauffman, No. 4:21-CV-00038, 2022 WL 17365725, at *4 (M.D. Pa. Nov. 2, 2022), report and recommendation adopted, No. 4:21-CV-00038, 2022 WL 17363027 (M.D. Pa. Dec. 1, 2022). In exercising this discretion:

> Specific factors to be considered in determining whether severance is warranted include: "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted."

Id. at *5 (quoting German v. Federal Home Loan Mortgage Corp., 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995)).

In this case, it is apparent from the complaint that there are significant factual differences in the claims and potential defenses as they relate to these six separate inmate-plaintiffs. Given these distinctions, the trial of these six distinct claims will likely entail different witnesses and proof. Further, as the acrimony and disagreements between these inmate plaintiffs increase there is a heightened potential for prejudice to all plaintiffs if these claims remain joined in a single complaint for trial. In such instances, the proper course to follow is to sever these claims and parties. See Molina, 2022 WL 17365725, at *5.

### III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that that the increasingly discordant claims of these six inmate plaintiffs be severed into six separate complaints. The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 20th day of December 2023.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge