IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE IVAN LOPEZ, et al.,                 :     Honorable Christopher C. Connor
                                                               :     Honorable MJ Martin Carlson
                 Plaintiff                                :
                                                               :
       v.                                                    :     No. 3:21-CV-1819
                                                               :
JOHN WETZEL, et al.,                           :
                                                               :
                 Defendants                         :     Filed Via Electronic Case Filing

DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF LOPEZ'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL
AND PLAINTIFF HOUSER'S RENEWED MOTION FOR APPOINTMENT OF
COUNSEL AND MOTION FOR DISCOVERY

Procedural History

Plaintiffs, individuals presently sentenced to death and incarcerated by the
Commonwealth of Pennsylvania, Department of Corrections at the State
Correctional Institution at Phoenix ("SCI-Phoenix") filed a complaint pursuant to
42 U.S.C. § 1983 on October 26, 2021. See Doc. 1. Named as Defendants are
former-Secretaries of Corrections John Wetzel, Jeffery Beard, Martin Horn and
the Pennsylvania Department of Corrections. Id. Plaintiffs are seeking nominal,
compensatory, and punitive damages. Id.

On August 29, 2022, Plaintiffs filed a motion for appointment of counsel and
class certification. See Doc. 63. On March 13, 2023, Magisterial Judge Mehalchick
issued a Report and Recommendation denying Plaintiffs' request for appointment
of counsel. See Doc. 121. On March 31, 2023, Judge Connor adopted the Report
and Recommendation for the appointment of counsel. See Doc. 128. On October

4, 2023, and December 4, 2023, Plaintiffs filed a Renewed Motion to Appoint Counsel and Brief in Support of their Motion. <u>See</u> Docs. 138, 139 and 162. On December 11, 2023, this Court issued an Order denying Plaintiffs' renewed request for appointment of counsel. <u>See</u>. Doc 166.

On December 20, 2023, this Court issued a Report and Recommendation that the six Plaintiffs be severed into separate dockets[1]. <u>See</u> Doc. 172. On December 19, 2023, Plaintiff Lopez filed a Motion for Renewed Appointment of Counsel. <u>See</u> Doc. 171. On January 3, 2023, Plaintiff Houser filed a Motion for Discovery and a Motion for Counsel[2]. <u>See</u> Doc. 173.

---

[1] As of the date of the filing of this brief in opposition, objections have not been filed by any party to the Report and Recommendation and the plaintiffs have not been assigned their own docket numbers.
[2] Plaintiff Houser filed a joint motion for counsel and provided a declaration previously in this case and this request was denied. <u>See</u> Docs. 63, 66 and 128.

<u>Statement of Question Presented</u>

1.   Should Plaintiff Lopez's Renewed Motion for Appointment of Counsel be denied?

Suggested Answer: Yes

2.   Should Plaintiff Houser's Renewed Motion for Appointment of Counsel be denied?

Suggested Answer: Yes

3.   Should Plaintiff Houser's Motion for Discover be denied?

Suggested Answer: Yes

<u>Argument</u>

1.   *Plaintiff Lopez's Renewed Motion for Appointment of Counsel should be denied.*

On August 29, 2022, Plaintiffs filed a motion for appointment of counsel and class certification. <u>See</u> Doc. 63. On March 13, 2023, Magisterial Judge Mehalchick issued a Report and Recommendation denying Plaintiffs' request for appointment of counsel. <u>See</u> Doc. 121. On March 31, 2023, Judge Connor adopted the Report and Recommendation for the appointment of counsel. <u>See</u> Doc. 128. On October 4, 2023, and December 4, 2023, Plaintiff Lopez filed a Renewed Motion to Appoint Counsel and Brief in Support of their Motion. <u>See</u> Docs. 138, 139 and 162. On December 11, 2023, this Court denied Plaintiff Lopez's renewed motion for appointment of counsel. <u>See</u> Doc. 166. Almost immediately, Plaintiff Lopez filed another motion for appointment of counsel, raising issues this Court has previously addressed in the denial of appointment of counsel. <u>See</u> Doc. 171. For the

reasons stated in this Court's December 11, 2023, Order, Plaintiff Lopez's appointment should be denied. See Doc. 166.

2.    *Plaintiff Houser's Renewed Motion for Appointment of Counsel should be denied.*

Plaintiff Houser has filed a request for appointment of counsel, arguing he needs counsel to help in obtaining discovery materials. See Doc. 173. Preliminarily, it is undisputed that Plaintiff has no constitutional right to counsel in a civil action.

The Third Circuit Court of Appeals has developed a list of criteria to aid district courts in the appointment of counsel for indigent civil litigants. See, Montgomery v. Pinchak, 294 F.3d 492, 498 (3dCir. 2002), Tabron v. Grace, 6 F.3d 147 (3dCir. 1993). "As a threshold matter, a district court must assess whether a claimant's case has some arguable merit in fact and law," and if the claimant overcomes this hurdle, the court should look at a number of factors when assessing a claimant's request for counsel. Id., see also, Tabron, 6 F.3d at 155, Parham v. Johnson, 126 F.3d 454, 457 (3dCir. 1997). The Third Circuit has "cautioned that the courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id.

The other factors to be examined are:

(1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the

case is likely to turn on credibility determinations; and (6) whether
the case will require testimony from expert witnesses.

Montgomery v. Pinchak, 294 F.3d 492 at 499 (3dCir. 2002) (citing Tabron, 6 F.3d

at 155-57).

This Court on multiple occasions has analyzed these factors concluding that

counsel should not be appointed at this time. See Doc. 128 and 166. Furthermore,

the Court in its December 11, 2023, Order addressed the issue of appointment of

counsel for discovery purposes. See Doc. 166. Therefore, Plaintiff Houser's

renewed request for appointment of counsel should be denied.


3.   *Plaintiff Houser's Motion for Discovery should be denied.*

This is Plaintiff Houser's second attempt to obtain discovery through the

Court without properly requesting discovery from Defendants pursuant to the

Rules of Civil Procedure. See Doc. 168. Plaintiff Houser is again requested medical

documents and documents in the Department's possession. See Doc. 173. Plaintiff

Houser is alleging the Department may object to these requests and is attempting

to have the Court intervene. Id. As Defendants argued in its brief in opposition to

Plaintiff Houser's motion to compel discovery, Plaintiff Houser has not made any

specific requests to Defendants for discovery. See Doc. 168.

Furthermore, undersigned counsel has made arrangements with the

medical records department at SCI-Phoenix to allow Plaintiff Houser to review his

medical and mental health records and make copies of any documents he wishes

to obtain; yet, Plaintiff Houser has not requested to see his records. Additionally,

this Court found that compliance with prison regulations is a fitting and proper procedure for Plaintiff to obtain records. <u>See</u> Doc. 122.

Finally, this Court issued an Order, that under local court rules, "[i]nterrogatories, requests for disclosures, requests for documents, requests for admissions, and answers and responses thereto shall be served upon other counsel and parties but shall not be filed with the court". L.R. 5.4(b). <u>See</u> Doc. 125. Plaintiff Houser should be directed to comply with this local rule, serve all discovery requests upon Defendants, and his request for discovery should be struck from the record.

Conclusion

Defendants respectfully request that the Court deny Plaintiff Lopez and Plaintiff Houser's Renewed Motion for Appointment of Counsel and Plaintiff Houser's request for discovery. Defendants request Plaintiff Houser be directed to serve all discovery requests upon Defendants in compliance with L.R. 5.4(b).

Respectfully submitted,

Office of General Counsel

*Kim Adams*
_____
Kim Adams, Assistant Counsel
Attorney ID No.: 205848
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
Date:  January 4, 2024          E-mail: kimbadams@pa.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE IVAN LOPEZ, et al., | : | Honorable Christopher C. Connor |
| | : | Honorable MJ Karoline Mehalchick |
| Plaintiff | : | |
| | : | |
| v. | : | No. 3:21-CV-1819 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

CERTIFICATE OF SERVICE

I hereby certify that the foregoing filing was served upon:

Smart Communications/PA DOC,
George Lopez (CZ3198)
SCI Phoenix
PO Box 33028
St. Petersburg, FL 33733.

Smart Communications/PA DOC,
Darien Houser (GC7509)
SCI Phoenix
PO Box 33028
St. Petersburg, FL 33733.

_____/s/ Kim Adams_____
Kim Adams

Date:  January 4, 2024