UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE IVAN LOPEZ, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:21-CV-01819 |
| v. | |
| JOHN E. WETZEL, et al., | (MEHALCHICK, J.) |
| Defendant. | |

**MEMORANDUM**

*Pro se* prisoner-Plaintiffs George Ivan Lopez, Darien Houser, Gerald Watkins, Ralph Stokes, Jose Uderra, and Richard A. Poplawski (collectively, "Plaintiffs") initiated this class action by filing a complaint on October 26, 2021, pursuant to 42 U.S.C. § 1983, against Defendants John E. Wetzel, Jeffery A. Beard, Martin F. Horn, and Pennsylvania Department of Corrections ("DOC") (collectively, "Defendants"). (Doc. 1). Presently before the Court is the Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 172), dated December 20, 2023. Judge Carlson recommends that the Court sever Plaintiffs' claims into six separate complaints pursuant to Federal Rule of Civil Procedure 21. (Doc. 172). On January 12, 2024, Houser filed an untimely objection to the Report and Recommendation. (Doc. 175). In his objection, Plaintiff Houser contends that Magistrate Judge Carlson erred in concluding that the Court should sever this case because Plaintiffs are not in "open disagreement" with each other, and their claims involve the same issues. (Doc. 175, at 2). However, based on the Court's review of the record that objection will be **OVERRULED** and Judge Carlson's report will be **ADOPTED IN ITS ENTIRETY**.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections

are made. 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the district court "may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations." *Bynum v. Colvin*, 198 F. Supp 3d 434, 437 (E.D. Pa. 2016) (citing *United Stated v. Raddatz*, 447 U.S. 667, 676 (1980)).

After reviewing the record, the Court finds no error in Judge Carlson's conclusion that Plaintiffs' claims should be severed. The Court finds Judge Carlson's analysis to be well-reasoned and supported by the applicable law insofar as he concludes that the claims in the complaint do not appear appropriate for joinder under Fed. R. Civ. P. 20 as Plaintiffs' individual claims do not arise out of the same transaction, occurrence, or series of transactions. Furthermore, the Court agrees that severing Plaintiffs' claims into six separate lawsuits will foster judicial efficiency and promote justice pursuant to Fed. R. Civ. P. 21.

Based on the foregoing, Report and Recommendation of Judge Carlson, (Doc. 172), will be **ADOPTED IN ITS ENTIRETY**. Plaintiff Houser's objections, (Doc. 175), will be **OVERRULED**. Plaintiffs' complaints will be **SEVERED**. George Lopez's claims shall proceed in this action, No. 3:21-CV-01819, and the Clerk of Court is **DIRECTED** to open new civil actions for each of the remaining Plaintiffs. The above-captioned action is **REMANDED** to Magistrate Judge Carlson for all further pretrial proceedings including Orders or Reports and Recommendations on any pending motions. (Doc. 167; Doc. 173; Doc. 182). An appropriate Order follows.

Dated: April 4, 2024                                *s/ Karoline Mehalchick*
                                                    **KAROLINE MEHALCHICK**
                                                    **United States District Judge**