IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE LOPEZ, | : | Civil No. 3:21-CV-1819 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Mehalchick) |
| v. | : | |
| | : | |
| JOHN WETZEL, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This is a *pro se* prisoner civil rights action that was originally brought as a single lawsuit by six inmates held by the Department of Corrections challenging what they allege was unconstitutionally prolonged and severe solitary confinement by corrections staff. (Doc. 1). According to the plaintiffs they have suffered severe emotional and psychological injuries due to this prolonged solitary confinement. (Id.) However, a review of the plaintiffs' complaint reveals that these alleged instances of solitary confinement occurred at different places and times over the past two decades. (Id.) Further, the complaint asserts that each individual prisoner plaintiff suffered from distinct emotional impairments which were exacerbated in different ways by their confinement. (Id.) Thus, factually these six plaintiffs have

claims that involved disparate acts and actors which have had different and distinct impacts upon their lives.

On November 10, 2023, this case was referred to the undersigned for case management. After giving the plaintiffs time to show cause why these claims should not be severed, and receiving some partial responses which highlighted the burgeoning procedural chaos and discord which the collective *pro se* litigation created, we recommended that the increasingly discordant claims of these six inmate plaintiffs be severed, (Doc. 172), and the district court severed these cases on April 4, 2024. (Doc. 192).

With the cases being severed, we recognized it was incumbent upon the individual plaintiff to actively litigate his own case and, on April 12, 2024, we ordered the plaintiff must file a statement with the court indicating whether the plaintiff is proceeding with this individual claim, along with a proposed case management plan outlining what steps the plaintiff believes need to be taken in this litigation, on or before April 26, 2024 or face dismissal of his claims. (Doc. 196).

In light of this April 12th order giving the plaintiff until April 26, 2024, to notify the court if he wishes to proceed with his individual claims, the defendants have filed a motion to stay the deadline for dispositive motions, which is currently set for April 29, 2024. (Doc. 198).

Accordingly, in light of the current procedural posture of this case, the defendants' motion to stay, (Doc. 198), is GRANTED. Case management deadlines are hereby STAYED pending response from the plaintiff to the April 12, 2024, order informing the Court if he is proceeding with his claim and proposing a new case management plan.

So ordered this 15th day of April 2024.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
